González, Demandante y Apelado, *v.* Collazo, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla en causa sobre mejor derecho a la propiedad y posesión de finca rústica.

No. 1321.—Resuelto en junio 26, 1915.

Alegaciones—Alegaciones no Impugnadas—Conformidad de las Partes.—Según el artículo 132 del Código de Enjuiciamiento Civil, toda alegación esencial de la demanda no impugnada en la contestación debe tenerse por cierta para los efectos de la acción.

Id.—Alegaciones no Impugnadas—Errores—Sentencia—Doble Venta.—Aplicando a este caso el anterior precepto legal, resolvióse que la corte inferior cometió error al consignar como uno de los fundamentos de su sentencia que el demandado no había presentado prueba alguna del contrato privado de compraventa, cuando la existencia de ese contrato había sido alegada por el demandante y aceptada por el demandado, sin que tal error traiga como consecuencia la revocación de la sentencia porque ésta se sostiene mediante la aplicación al caso del artículo 1376 del Código Civil, resolutorio del problema jurídico planteado sobre efectos de la doble venta.

Posesión—Apreciación de la Prueba—Prueba Contradictoria—Pasión, Prejuicio o Parcialidad—Error de Derecho.—Cuando sobre el hecho de la posesión material de cierta propiedad inmueble ha habido conflicto de prueba, y ese conflicto ha sido decidido por el juez a favor del demandante al ordenar que el demandado se abstenga por sí o por medio de sus agentes o empleados de penetrar en la finca y de perturbar al demandante en el quieto y pacífico disfrute de la misma, esa conclusión se sostendrá en apelación mientras no se demuestre que hubo pasión, prejuicio o parcialidad o manifiesto error de derecho.

Doble Venta de Propiedad Inmueble—Posesión—Inscripción en el Registro—Buena Fe.—Con arreglo al apartado 3°. del artículo 1376 del Código Civil, cuando la propiedad inmueble vendida a diferentes compradores no haya sido inscrita en el registro pertenecerá a quien de buena fe sea el primero en la posesión.

Posesión—Buena Fe—Mala Fe—Presunción.—La buena fe se presume (artículo 437 del Código Civil) y al que afirma la mala fe de un poseedor corresponde la prueba.

Sentencia—Sentencia Ajustada a Derecho—Errores en Cuanto a la Ley y los Hechos.—Cualquiera que sea la opinión sustentada por la corte sentenciadora en cuanto a la ley y los hechos sometidos a su decisión, si el resultado alcanzado es correcto, puede hácerse caso omiso de las razones en que se fundó, pues la sentencia contra la cual se ha interpuesto la apelación es la que debe considerarse.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan B. Soto.*

Abogados del apelado: *Sres. Reichard* y *Reichard.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por el demandado José Collazo Bracero, contra sentencia de la Corte de Distrito de Aguadilla declarando con lugar la demanda interpuesta contra aquél en 18 de noviembre de 1914 por José Francisco González Segarra.

En dicha demanda alega el demandante:

1°. Que demandante y demandado son mayores de edad, vecinos de Lares y legalmente capacitados para demandar y ser demandados.

2°. Que por escritura otorgada en Lares a 24 de febrero de 1912, el demandante adquirió por compra a Hipólito Collazo Bracero una finca rústica sita en el barrio de la Torre de dicho pueblo, con cabida de cuatro cuerdas de terreno más o menos, conteniendo una casa y un bohío bajo los lindes que expresa; habiendo hecho el vendedor entrega y dado posesión de dicha finca al demandante.

3°. Que el demandante acreditó la posesión del expresado inmueble en expediente tramitado ante la Corte Municipal de Lares y aprobado por el juez de la misma en 7 de junio de 1913, cuyo expediente fué inscrito debidamente en el registro de la propiedad.

4°. Que en diciembre de 1911, Hipólito Collazo Bracero, por medio de documento privado, vendió al demandado la misma finca, sin que el comprador tomara posesión de ella.

5°. Que el demandante siempre ha tenido la posesión de la finca y protestado de los actos de dominio que ha tratado de ejecutar en ella el demandado, no obstante lo cual el demandado y sus agentes y empleados han penetrado ilegalmente en la misma tratando primero de tomar posesión violenta de ella y luego subrepticiamente cogiendo el café y destruyendo plantaciones, con gran perjuicio de los intereses del demandante.

La demanda concluye con la súplica de que se dicte sentencia a favor del demandante y contra el demandado, decretando que el título del demandante a la propiedad y posesión de la finca es mejor que el del demandado, declarando nulo y sin ningún efecto el título del demandado en cuanto al demandante, prohibiendo al demandado, sus agentes o empleados que penetren en la finca y perturben al demandante en el disfrute quieto y pacífico de la misma, y condenando al demandado al pago de todas las costas, gastos y honorarios de abogado, con los demás pronunciamientos de ley.

El demandado al contestar la demanda admitió los hechos alegados bajo los números 1, 2 y 3; admitió también los hechos comprendidos bajo el número 4, con excepción del relativo a que el demandado no tomara posesión de la finca; y en cuanto al hecho número 5 niega que el demandante haya tenido jamás la posesión de la mencionada finca y que el demandado y sus agentes o cualquier otra persona bajo sus órdenes hayan penetrado ilegalmente en ella en la forma y manera que se alega en la demanda.

Como materia nueva de oposición a la demanda, alega el demandado que al serle vendida la mencionada finca por el referido Hipólito Collazo, según se alega en el hecho número 4 de la demanda, el demandado en diciembre, 1911, tomó posesión de la finca vendida según se describe en la demanda, en cuya posesión ha continuado y continúa desde la mencionada fecha, sin interrupción alguna.

Celebrado el juicio la corte dictó sentencia en 16 de febrero de 1915, por la que "resuelve que los hechos y la ley están a favor de la parte demandante y por tanto se declara que el título de dicho demandante consistente en un expediente posesorio de la finca que se describe en la demanda, debidamente inscrito en el registro de la propiedad del distrito, es mejor que el del demandado, y que el demandante tiene mejor y preferente derecho a la propiedad y posesión del referido inmueble, siendo nulo y sin ningún valor ni eficacia el del demandado. Se ordena además a dicho demandado

que se abstenga por sí o por medio de sus agentes y emplea-
dos, de penetrar en la finca relacionada, y perturbar al deman-
dante en el quieto y pacífico disfrute de la misma, con las
costas, gastos y honorarios del abogado del demandante.''

Fúndase la sentencia en que el demandado carece en abso-
luto de título en que fundar su contestación para los efec-
tos de contradecir la acción del demandante, por no haber
unido a su contestación o insertado en ella el documento
privado de compraventa, ni presentádolo como prueba, sin
que tampoco haya alegado ni probado que el demandante
tuviera conocimiento de la venta hecha por Hipólito Collazo
Bracero a favor de dicho demandado, mientras que el deman-
dante ha presentado escritura pública de venta de la finca y
el posesorio del inmueble inscrito en el registro a su nom-
bre, sin perjuicio de tercero de mejor o preferente derecho,
siendo por tanto el único y verdadero dueño a título pose-
sorio de la expresada finca con derecho a la posesión, uso
y disfrute de la misma en contra del demandado que no tiene
título alguno. Como derecho aplicable al caso cita el juez
los artículos 447 y 1376 del Código Civil, con la jurispru-
dencia establecida por esta Corte Suprema en varias deci-
siones.

Contra la sentencia pronunciada, interpuso el demandado
recurso de apelación para ante esta Corte Suprema.

Alega la parte apelante como motivo de su recurso:

(*a*) Que la corte cometió error al consignar como uno
de los fundamentos de su sentencia que el demandado no
había presentado prueba alguna de la compra hecha a Hipó-
lito Collazo Bracero, cuando ese hecho había sido alegado
por el demandante y aceptado por el demandado.

(*b*) Que también cometió error al aplicar al presente caso
el artículo 1376 del Código Civil, pues dicho artículo se refiere
al comprador que inscribe la propiedad y no la posesión, y
al comprador que adquiere de un vendedor que tiene título
de propiedad inscrito en el registro, circunstancias que no
ocurren en el presente caso.

Ciertamente que el demandado no presentó en el juicio documento privado ni prueba alguna de haber comprado la finca a Hipólito Collazo Bracero en diciembre de 1911, o sea con anterioridad a la fecha en que la compró el demandante al mismo Collazo Bracero; pero como esa fué una alegación que hizo el demandante y que aceptó el demandado, no vemos que tuviera necesidad de suministrar sobre ella prueba alguna. Por la conformidad de las partes no era materia a discutir en el juicio, pues según el artículo 132 del Código de Enjuiciamiento Civil, toda alegación esencial de la demanda no impugnada en la contestación, se tendrá por cierta para los efectos de la acción. La materia nueva de oposición a la demanda no consistió propiamente en que al demandado le había vendido Hipólito Collazo Bracero la finca de que se trata en diciembre, 1911, según alegó el demandante y aceptó el demandado, sino en que en virtud de la referida venta el demandado tomó posesión de la finca y continuaba en posesión de ella contra lo alegado por la parte demandante.

La corte cometió, pues, el primer error apuntado; pero ese error no puede traer como consecuencia la revocación de la sentencia, pues ésta se sostiene mediante la aplicación atinente al caso del artículo 1376 del Código Civil, resolutorio del problema jurídico planteado sobre efectos de la doble venta.

El artículo citado dice así:

"Artículo 1376.—Si una misma cosa se hubiese vendido a diferentes compradores, la propiedad se transferirá a la persona que primero haya tomado posesión de ella con buena fe, si fuere mueble.

"Si fuere inmueble, la propiedad pertenecerá al adquirente que antes la haya inscrito en el registro.

"Cuando no haya inscripción, pertenecerá la propiedad a quien de buena fe sea primero en la posesión; y faltando ésta, a quien presente título de fecha más antigua, siempre que haya buena fe."

De la prueba documental aportada al juicio por el demandante, resulta que la finca de que se trata fué vendida me-

diante escritura pública por Hipólito Collazo Bracero al de- mandante en 24 de febrero de 1912, y que el demandante ins- cribió su posesión en el registro de la propiedad, acreditada en expediente posesorio aprobado por la Corte Municipal de Lares en 7 de junio de 1913. Sobre la posesión material de ella que demandante y demandado alegan haber tenido desde las respectivas fechas de compra, declaran a favor de la posesión por parte del demandante los testigos José Fran- cisco González, Hipólito Collazo Bracero, que fué el vende- dor de la finca, Ernesto Collazo y Antonio Segarra, con manifestaciones además de que el demandado ha perturbado en la posesión al demandante, aprovechándose de los frutos de la finca, mientras que los testigos José Irizarry, Cayetano Román, Manuel Pérez, Francisco la Torre y José Collazo Bracero están por la posesión a favor del demandado.

Ha habido sobre dicha posesión material verdadero con- flicto de prueba, y ese conflicto fué decidido por el juez a favor del demandado al ordenar al demandado que se abs- tenga por sí o por medio de sus agentes o empleados, de pene- trar en la finca y de perturbar al demandante en el quieto y pacífico disfrute de la misma.

Ya hemos dicho repetidas veces que cuando las declara- ciones de los testigos son contradictorias, está dentro de las atribuciones del jurado o en su defecto dentro de las del juez sentenciador, armonizar esas declaraciones si fuere posible o de lo contrario decidir y llegar a la conclusión que estime procedente, por supuesto, con discreción jurídica y sujeción a las reglas de evidencia, según el artículo 62 de la ley sobre la materia, sin que vayamos contra dicha conclusión, a no ser que se nos demuestre que la corte inferior ha procedido con pasión, prejuicio o parcialidad o manifiesto error de derecho, lo que no ocurre en el presente caso.

Debemos, pues, aceptar como hecho probado que el deman- dante es el que ha estado en posesión de la finca y no el de- mandado, y en su consecuencia, sea o nó aplicable a la deci- sión del caso el apartado 2°. del artículo 1376 por faltar ins-

cripción de propiedad y haberla únicamente de posesión a favor del demandante, y ni una ni otra a favor del común causante, siempre tendríamos que con arreglo al apartado 3°. de dicho artículo, la propiedad de la finca pertenecería al demandante por haber sido éste el primero en la posesión, la que debe reputarse de buena fe, pues en contra de ella nada se ha alegado por el demandado, y con arreglo al artículo 437 del Código Civil, la buena fe se presume siempre y al que afirma la mala fe de un poseedor corresponde la prueba. El hecho aceptado por ambas partes de que el demandado compró antes que el demandante no entraña por parte de éste la admisión de que al comprar lo hiciera con conocimiento de la compra anterior hecha por el demandado.

"Cualquiera que haya sido la opinión sustentada por la corte senciadora en cuanto a la ley y a la prueba que ha sido impugnada por la apelante en su señalamiento de errores, si el resultado alcanzado fué correcto, podemos hacer caso omiso de las razones en que se fundó. La sentencia contra la cual se ha interpuesto apelación es lo que tenemos que considerar, y si fué errónea, corregirla, y no podemos regirnos enteramente por los razonamientos a que ha llegado el juez sentenciador con respecto a la ley y a los hechos que fueron sometidos a su consideración."

*Pellicier* v. *Fernández*, 19 D. P. R., 117.

Como jurisprudencia aplicable a la doble venta, podemos citar la ya establecida por esta Corte Suprema en los siguientes casos:

*Manrique de Lara et al.* v. *Morales,* 9 D. P. R., 123; *Pesante* v. *Sucesión Manrique de Lara,* 9 D. P. R., 144; *Ramos* v. *Orcasitas,* 14 D. P. R., 68; *Abella* v. *Antuñano et al.,* 14 D. P. R., 498; *Morales et al.* v. *Landrau et al.,* 15 D. P. R., 782; y *Amadeo* v. *Sucesión Castro et al.,* 16 D. P. R., 368.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.