HERNÁNDEZ, RECURRENTE, *v.* EL REGISTRADOR DE SAN. JUAN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegatoria de inscripción de un certificado de venta por cobro de contribuciones.

No. 511.—Resuelto en marzo 13, 1922.

VENTA PARA PAGO DE CONTRIBUCIONES—NOTIFICACIÓN INSUFICIENTE.—Es insuficiente una notificación de venta judicial para pago de contribuciones hecha al heredero del albacea de una sucesión y no a los miembros de ésta, y un certificado de venta en estas condiciones no es inscribible en el registro.

INSCRIPCIÓN DE HERENCIA A NOMBRE DEL ALBACEA.—*Quaere:* si los bienes del testador deben ser en algún caso inscritos a nombre del albacea; si una notificación de venta judicial hecha al albacea es suficiente.

Los hechos están expresados en la opinión.
El propio recurrente compareció en persona.

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La propiedad objeto de este recurso pertenecía a Tomasa González, quien falleció en el año 1881, y para los fines del cobro de contribuciones la referida propiedad fué tasada a nombre de Juan Ballesteros Núñez, que era el albacea de Tomasa González. Por falta de pago de las contribuciones la propiedad fué vendida a Hernández Mena, recurrente en este caso. El certificado de venta se presentó para su inscripción al Registrador de San Juan, Sección Primera, quien negó la inscripción basado en tres motivos, a saber:

1°. Que la propiedad se encontraba entonces inscrita a nombre de la sucesión de los herederos de Tomasa González. 2°. Que la notificación de venta por falta de pago de contribuciones no se hizo a la verdadera persona. 3°. Por razones que son más o menos las mismas alegadas en el primer motivo.

El registrador incurre evidentemente en error en cuanto a los motivos primero y tercero. De acuerdo con el principio de sucesión universal no son solamente los herederos de una persona sino también los herederos de los herederos quienes continúan en la personalidad del primitivo dueño.

La notificación de venta, sin embargo, era insuficiente. Iba dirigida al heredero del albacea y no a los herederos de Tomasa González. Los artículos 336, 342 y otros del Código Político son de aplicación. Cuando fallece un albacea siempre debe acudirse a algún causahabiente del testador. El heredero del albacea no era causahabiente de la testadora. No importa que el Tesorero anotara la propiedad a nombre del albacea. Al morir este último, el Tesorero estaba obligado a saber que algún sucesor o representante legal del dueño había de ser notificado. El albacea nunca fué dueño de la propiedad.

En un recurso anterior relativo a la misma propiedad, al solicitarse que la propiedad fuera inscrita a nombre del al-

bacea, mostramos tener una duda respecto a si la propiedad debía jamás ser inscrita a nombre de un albacea, y aún tenemos esa duda.

El registrador no funda su negativa en ese motivo, pero dudamos si una notificación al albacea, si hubiera estado vivo, podría ahora servirle al recurrente. La propiedad fué legada al albacea para ciertos fines religiosos, los cuales, por virtud de sentencia, se ha declarado ahora que han prescrito, y la propiedad fué adjudicada a los herederos e inscrita a su nombre. Por tanto puede existir la cuestión importante de si una notificación de venta hecha a un albacea bajo estas circunstancias podría servir contra una inscripción verificada a nombre de los herederos.

La nota del registrador debe ser confirmada por el segundo fundamento de su negativa.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

RESOLUCIÓN SOBRE RECONSIDERACIÓN, DE ABRIL 17, 1922.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Si bien al redactar nuestra opinión para describir la persona a quien se hizo la notificación usamos las palabras ''heredero del albacea'' en vez de ''familiar del albacea,'' el principio, no obstante, es el mismo. La teoría de la notificación era que estando muerto Juan Ballesteros y por tanto no pudiendo ser notificado, la notificación podría dirigirse a alguno de sus familiares o causahabientes, pero repetimos que al fallecimiento del albacea el tesorero estaba obligado a notificar a alguien que fuera causahabiente del primitivo dueño. Aún vamos más lejos y decimos que cuando fallece un presunto dueño, ya fuere albacea o dueño, la notificación debe hacerse en el nombre de los dueños que adquieren el título. Una notificación como la de este caso, dirigida nominalmente a una persona fallecida es absolutamente ineficaz.

La notificación al igual que un emplazamiento en un pleito debe prepararse con el nombre de la persona realmente interesada y entonces tal notificación puede hacerse en ciertos casos a un supuesto familiar. La razón es clara. Entonces es muy probable que la notificación se haga a la persona realmente interesada quien puede defender su título o la acción, según sea el caso.

Debe denegarse la moción de reconsideración.

*Denegada la reconsideración.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.