José Vallines Collazo, demandante y apelado, v. Rosalía Sánchez Ocaña, demandada y apelante.

No. 6869.—*Sometido:* Enero 23, 1936. *Resuelto:* Marzo 27, 1936.

*La Costa & La Costa,* abogados de la apelante; *Lemuel Marqués, Jr.,* abogado del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

En primero de octubre de 1913, José Vallines Collazo compró, por el precio de $1,500, cierto condominio en una finca rústica radicada en el barrio Río Hondo, de Comerío, que pertenecía a Rosalía Sánchez Ocaña. De los $1,500 satisfizo el demandante en el acto en que se llevó a cabo el contrato de compraventa la cantidad de $300, quedando un precio aplazado de $1,200 para ser satisfecho a razón de $300 anuales en primero de octubre de los años 1914, 1915, 1916

y 1917, o con anterioridad a esa fecha, sin interés alguno, estipulándose para en caso de mora intereses al 1 por ciento mensual desde la fecha del vencimiento. En garantía del precio aplazado el comprador constituyó hipoteca voluntaria a favor de la vendedora sobre el condominio adquirido.

Alega el demandante que ha satisfecho en su totalidad el precio aplazado y que la demandada, a pesar de haber sido requerida, no ha otorgado al demandante la carta de pago y cancelación correspondiente.

La demandada, en su contestación, admite que el demandante satisfizo $200 de la anualidad que venció en primero de octubre de 1914 y $300 de la que venció en 1915, sin que haya satisfecho los demás plazos vencidos ni el balance del plazo que venció en 1914, así como tampoco los intereses de mora de los referidos plazos, estando el mismo demandante adeudando a la demandada la suma de $700 con sus intereses al 1 por ciento mensual desde octubre de 1916. La demandada radicó también una contrademanda, solicitando que se condene al demandante a satisfacerle la suma que según sus alegaciones le adeuda.

La corte de distrito dictó sentencia condenando a la demandada a otorgar escritura de carta de pago y cancelación de hipoteca a favor de José Vallines Collazo, y declaró sin lugar la contrademanda, imponiendo el pago de las costas a la referida demandada.

Contra esta sentencia se ha interpuesto recurso de apelación, atribuyéndose a la corte inferior cuatro errores que pueden discutirse conjuntamente, porque se refieren a la apreciación de la prueba y a las costas impuestas a la demandada.

██ Se alega que la corte de distrito erró al concluir que el demandante satisfizo a Miguel Muñoz, en su concepto de apoderado de la demandada, todo lo que quedaba a deber del precio aplazado. No dice el tribunal inferior en sus conclusiones de hecho que el demandante haya satisfecho a Miguel Muñoz todo el importe de la obligación. Afirma, por el contrario, que pagó a dicho señor, en su concepto de apode-

rado de la demandada, todo lo que quedaba a deber del precio aplazado, con excepción de $350 que satisfizo el Sr. Enrique Ponsa Parés, abogado del demandante, al Sr. O. M. Wood, abogado de la demandada, en saldo del resto de la hipoteca que reclamó dicha demandada al demandante en un pleito seguido por dicha señora contra él en la Corte Municipal de San Juan. Basa la corte inferior sus conclusiones en la prueba testifical y además en un documento autorizado por O. M. Wood, abogado de la demandada, Rosalía Sánchez Ocaña, que fué admitido como prueba sin oposición.

El testigo de la demandada, Miguel Muñoz Escalera, declaró que había sido apoderado de Rosalía Sánchez para cobrarle a José Vallines una cuenta que procedía de una finca vendida a plazos. Confiesa este testigo que recibió el primer plazo y en cuanto a los demás dice que no recuerda haberlos cobrado. El abogado de la demandante insiste en preguntarle si es que no se acuerda o que no los cobró y el testigo continúa diciendo que no se acuerda. La propia demandada admite en su contestación a la demanda que el demandante satisfizo el primer plazo de $300 y $200 más correspondientes al segundo plazo. En su testimonio ratifica el pago de esta suma y niega que se le haya satisfecho la cantidad de $700, resto de la obligación, y los intereses de la misma.

José Vallines declara que recibió una carta de la demandada diciéndole que había dejado como apoderado de ella a don Miguel Muñoz y que hizo a éste algunos pagos; que últimamente la demandada estuvo en Puerto Rico y que entonces le parece que le debía 400 y pico de dólares; que dicha demandada le entregó el asunto a un abogado trigueño, que era extranjero y cuyo nombre no recuerda. Preguntado si se llamaba Mr. Wood, contesta que sí; y dice que fué demandado en la corte municipal por doña Rosalía y que autorizó al abogado Sr. Ponsa Parés para que hiciese una transacción que se llevó a efecto extendiéndose un cheque por la totalidad de lo que se adeudaba de la finca a la señora Sán-

chez Ocaña; que el Sr. Wood recibió el dinero del Sr. Ponsa Parés, suscribiendo el documento de la transacción; a consecuencias del pleito fué que vino el pago; que el mismo Lic. Wood hizo la transacción; que recibió el dinero y le parece que el Sr. Ponsa recogió el recibo, el documento de la transacción, que reconoce en estos momentos y que está firmado por Mr. Wood; que así fué el documento entregado al testigo como consecuencia de la transacción en el pleito de la corte municipal, habiendo sido firmado por el Lic. Wood. El documento referido es ofrecido como prueba y admitido sin oposición. Continúa diciendo el testigo que después de esa transacción doña Rosalía no volvió a tocar el asunto, ni le escribió en ocasión alguna con respecto a la hipoteca; que el año pasado, si mal no recuerda, la demandada estuvo en su casa; que vino del Norte y llevó o trajo un documento o mejor dicho ella encontró un documento en casa que se refería a la cancelación de la hipoteca y se lo trajo; que en esa ocasión ella le dijo si había satisfecho el dinero a Mr. Wood; que ella no estaba en Puerto Rico y que el testigo le dijo que el dinero había sido satisfecho; que había sido el Lic. Ponsa el que había transado con él; que la demandada estuvo conforme con esa explicación. El documento suscrito por el Lic. O. M. Wood dice así:

"Recibidos del Lcdo. Enrique Ponsa Parés, abogado de don José Vallines, la suma de CUATROCIENTOS CINCUENTA Y CINCO DOLLARS, correspondientes a doña Rosa Sánchez, por los siguientes conceptos: TRESCIENTOS CINCUENTA Y CINCO DOLLARS, importe en transacción de la reclamación que esta Sra. tiene en trámites en la Corte Municipal de San Juan, contra Vallines, sobre cobro de una obligación de hipoteca; y los CIEN DOLLARS restantes, como pago de un pagaré suscrito por el Sr. Vallines a favor de la Sra. Sánchez, ante el Notario Oller Díaz.

"Este recibo tiene el carácter de provisional, hasta la próxima semana en que se otorgará la correspondiente carta de pago por la señora Sánchez y se entregará el pagaré.

"Bayamón, P. R., a 23 de agosto de 1919.

(Fdo.) O. M. WOOD,
*Abogado de Rosa Sánchez.*"

El documento anteriormente transcrito y el testimonio de José Vallines sobre la transacción en la Corte Municipal fueron admitidos sin oposición. Más tarde la Sra. Sánchez Ocaña se opuso a la admisión del pleito que incoara a su nombre el abogado Wood en la corte municipal contra el Sr. Vallines, por no haberse demostrado que la demanda hubiese sido jurada por dicha señora ni que las alegaciones de la misma hubiesen sido hechas con su consentimiento y consejo. También se opuso el abogado a que se admitiera dicho pleito para probar las actuaciones de la demandada, porque no sabía si fueron sus actuaciones o las de su abogado y porque no se había probado que hubiesen mediado relaciones entre ellos.

En la prueba ofrecida y rechazada nada se dice acerca de la transacción que se llevó a cabo después según el testimonio no contradicho del demandante y el recibo suscrito por el abogado Wood. La demandada en ningún caso negó que estuviese representada en la corte municipal por el abogado Wood ni intentó rebatir la presunción, firmemente establecida por la ley, de que un abogado cuando profesa representar un cliente está autorizado para ostentar esa representación. La Sra. Sánchez Ocaña se limitó a oponerse a la admisión del pleito como prueba, por no haberse demostrado que existiesen relaciones entre ella y el abogado que aparecía representándola, haciendo caso omiso de la presunción que la ley establece. En ningún momento negó la Sra. Sánchez Ocaña que hubiese autorizado a su abogado para transigir ni trató de rebatir la prueba que se admitió sin su oposición sobre la referida transacción. No se hizo objeción alguna al documento suscrito por el abogado Wood ni se atacó su autenticidad. El demandante declaró, sin haber sido contradicho, que dicho documento fué firmado por el referido abogado.

Algunos tribunales sostienen que un abogado tiene autoridad para transigir en su capacidad representativa a nombre de su cliente. La mayoría de las decisiones, sin embargo, requiere poder especial para realizar un acto de esta

naturaleza. La doctrina más acertada, a nuestro juicio, es la que sostiene prima facie la validez de una transacción llevada a cabo por un abogado en representación de su cliente, mientras no haya sido impugnada. En ausencia de esta impugnación, debe presumirse la existencia de un poder especial a favor del abogado autorizando la transacción. La Corte Suprema de los Estados Unidos, en el caso de *U. S. v. Beebe,* 180 U. S. 352, dice que la falta de poder de un abogado en virtud de su representación general para transigir reclamaciones de su cliente es cuestión que no debe discutirse. Luego, el tribunal se expresa así:

"Una sentencia dictada a base de tal transacción está sujeta a ser dejada sin efecto por razón de la falta de autoridad del abogado que la hizo para servir de base a la sentencia dictada. Prima facie, la actuación de un abogado al hacer esa transacción y registrarla o permitir su registro como sentencia es válida, porque se asume que el abogado actuó con poder especial, pero cuando se prueba que no tuvo ninguno, la sentencia debe ser dejada sin efecto por esta razón."

El abogado Wood en este caso acusó recibo de una suma que recibió en su carácter de abogado de la Sra. Sánchez como importe en transacción de la reclamación de esta señora en la corte municipal contra el entonces demandado José Vallines, sobre cobro de una obligación de hipoteca, y ofreciendo otorgar carta de pago a favor de dicho señor Vallines. De acuerdo con la prueba y las alegaciones, debemos asumir que cuando el Sr. Wood otorgó el referido documento estuvo especialmente autorizado por la Sra. Sánchez Ocaña para llevar a cabo la transacción.

La parte apelante llama la atención al hecho de que el demandante no presentó como prueba ningún recibo de pago, alegando que los había perdido en el ciclón de San Felipe. La presentación de estos recibos parece innecesaria, cuando el propio apoderado de la demandada declara que se hizo un pago de $300, añadiendo que no recuerda que se hicieran otros pagos, y cuando la misma demandada admite en su contestación que se le pagaron $500. En cuanto al resto de la obli-

gación, ahí está el recibo de su abogado aceptando la cantidad de $350 como transacción del pleito incoado contra José Vallines Collazo ante la corte municipal.

La demandada, que declaró por deposición, ratifica las alegaciones de su contestación, diciendo que se le pagaron $500 y que se le adeudan aún $700. Entendemos que de acuerdo con la prueba practicada ha quedado demostrado que el demandante ha satisfecho todo el importe de la obligación y que por lo tanto la corte inferior actuó correctamente al declarar con lugar la demanda y desestimar la contrademanda presentada por la demandada. En cuanto a las costas, creemos que la corte inferior no cometió ningún error al imponerlas a la parte perdidosa en el ejercicio de sus facultades discrecionales.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Travieso no intervino.