José María Cortés, recurrente, *v.* El Registrador de la
Propiedad de Utuado, recurrido.

Núm. 1083.—*Sometido:* Febrero 4, 1941. *Resuelto:* Febrero 7, 1941.

*Gaspar Gerena Brás,* abogado del recurrente; el registrador recu-
rrido compareció por escrito.

El Juez Presidente Señor Del Toro, emitió la opinión del
tribunal.

Según certificado de compra de bienes inmuebles expe-
dido por el Colector de Rentas Internas de Utuado se siguió
un procedimiento de apremio por falta de pago de las con-
tribuciones de cierta finca urbana, contra su dueño "Hernán
Cortés, cuyas circunstancias personales y paradero se igno-
ran."

Ordenado el embargo de la finca, se libró el certificado
que prescribe el artículo 340 del Código Político para su ins-
cripción en el Registro de la Propiedad y devuelto registrado
se notificó por medio de entrega de copia a "Rita María Ro-
dríguez viuda de Cortés, como familiar." El embargo fué

también notificado por edictos "al portador de un pagaré por la suma de cuatrocientos dólares ($400), y a Hernán Cortés, o a sus herederos o cesionarios desconocidos."

Celebrada la subasta, la finca fué vendida por $30.67 a José María Cortés, que fué el único postor, otorgándose a su favor el certificado a que nos referimos al principio.

Presentado el certificado en el Registro para que se inscribiera la finca así vendida a favor del comprador, el registrador se negó a ello por los siguientes motivos:

"A. Porque el procedimiento de apremio para el pago de contribuciones se siguió contra 'Hernán Cortés, cuyas circunstancias personales y paradero se ignoran,' y no obstante, la notificación del embargo de la finca urbana inscrita a favor de éste como bienes privativos, se hizo por dicho Colector de Rentas a Rita María Rodríguez Viuda del referido Hernán Cortés, lo que evidencia el fallecimiento de éste, y cuando fallece un presunto dueño la notificación debe hacerse en el nombre de los nuevos dueños que adquieren el título, o sea a las personas que forman la sucesión del finado. Una notificación como la de este caso, dirigida nominalmente a una persona fallecida es absolutamente ineficaz, y mientras el embargo no sea debidamente notificado no es ejecutivo, según disponen los artículos 342 y 336 del Código Político, y por ende ineficaces las actuaciones posteriores. Véase resolución sobre reconsideración del caso *Hernández* v. *Registrador*, 30 D.P.R. 198.

"B. Porque la venta de la finca subastada tan sólo se notificó por edictos al 'Portador de un pagaré por la suma de cuatrocientos dólares' cuando ha debido hacerse al portador de un pagaré por la cantidad de trescientos dólares de principal, más cien dólares adicionales para responder de las costas y gastos caso de reclamación judicial que es el garantizado con la hipoteca inscrita de dicha finca. No habiéndose por tanto notificado en forma alguna la venta de la finca subastada al acreedor hipotecario portador del pagaré de trescientos dólares y cien más, para costas y gastos caso de reclamación judicial. *Manuel Moraza* v. *Registrador*, 45 D.P.R. 829."

Contra esa negativa interpuso José María Cortés, el comprador, el presente recurso gubernativo, limitándose a consignar en su escrito que no está conforme con la calificación del registrador, sin exponer argumento alguno en apoyo de

su no conformidad ni hacer cita de ley o de jurisprudencia que sostenga su criterio.

El caso de *Hernández* v. *Registrador,* 30 D.P.R. 196, 198, fué uno en que la propiedad embargada y vendida para el cobro de contribuciones pertenecía a Tomasa González fallecida en 1881 y fué tasada para fines contributivos a nombre de su albacea Juan Ballesteros. El albacea falleció también y la notificación de la venta se hizo a un familiar del albacea y no a los herederos de Tomasa González. Esta Corte, por medio de su Juez Asociado Sr. Wolf, dijo:

". . . La teoría de la notificación era que estando muerto Juan Ballesteros y por tanto no pudiendo ser notificado, la notificación podría dirig rse a alguno de sus familiares o causahabientes, pero repetimos que al fallecim ento del albacea el tesorero estaba obligado a notificar a alguien que fuera causahabiente del primitivo dueño. Aún vamos más lejos y dec mos que cuando fallece un presunto dueño, ya fuere albacea o dueño, la notificación debe hacerse en el nombre de los dueños que adquieren el título. Una notificación como la de este caso, dirig da nominalmente a una persona fallecida es absolutamente ineficaz. La notificación al igual que un emplazamiento en un pleito debe prepararse con el nombre de la persona realmente interesada y entonces tal notificación puede hacerse en ciertos casos a un supuesto familiar. La razón es clara. Entonces es muy probable que la notificación se haga a la persona realmente interesada qu en puede defender su título o la acción, según sea el caso."

Aunque en verdad los hechos en ambos casos no son iguales, los razonamientos de la opinión sostienen el primer motivo de la negativa del registrador y mientras no se nos demuestre que son erróneos, a ellos debemos atenernos, especialmente en un caso presentado en las condiciones en que éste lo ha sido.

Examinemos el otro motivo de la nota. Esta Corte en el caso de *Moraza* v. *Registrador,* 45 D.P.R. 829, resolvió, copiando del resumen, que:

"Tratándose de propiedades que, afectas a hipotecas garantizando obligaciones al portador, se rematen por contribuciones, la venta debe notificarse a los tenedores de las obligaciones de acuerdo con

las constanc'as del registro y además acudirse al medio supletor:o de la publicación por edictos para notificar a los posibles tenedores de las mismas.''

Aquí, según las constancias del registro la finca de que se trata respondía de un pagaré al portador por trescientos dólares de capital y cien dólares para costas en caso de reclamación judicial y la notificación por edictos se hizo al ''portador de un pagaré por la suma de cuatrocientos dólares.''

No hay duda que el colector intentó cumplir con la ley y la jurisprudencia, pero la verdad es que al involucrar en una las sumas garantizadas, varió los términos de la garantía, y en estos procedimientos debe serse exacto hasta el detalle para evitar ulteriores conflictos. También se sostiene, pues, la calificación del registrador por su segundo fundamento.

*Debe declararse sin lugar el recurso y confirmarse la nota.*