CARLOS MANUEL ADORNO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE ARECIBO, recurrido.

Núm. 1134.—*Sometido:* Diciembre 2, 1943. *Resuelto:* Marzo 6, 1944.

*E. Pérez Casalduc,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En 1941 Carlos Adorno adquirió cierta propiedad inmueble vendida en subasta pública en cobro de contribuciones no satisfechas. Para la fecha de la subasta la propiedad estaba inscrita a nombre de Irene Pérez. El 23 de septiembre de 1941 el Colector de Rentas Internas expidió a Adorno el certificado de compra provisto en el artículo 347 del Código Político. Es importante indicar que, de conformidad con dicho artículo, tal certificado de compra, al ser inscrito, constituye título absoluto de la propiedad a favor del comprador, siempre y cuando que el derecho de redención provisto por él artículo 348 no se ejercite por el dueño, sus herederos, o cesionarios.

Sin embargo del estudio del caso surge el hecho que Irene Pérez había fallecido en 1931, 10 años antes de la fecha de la subasta. Debido a ello Adorno inició un procedimiento ante la corte de distrito mediante el cual obtuvo el 11 de marzo de 1943 una declaración al efecto de que Aurelia Chacón Pérez era la única y universal heredera de Irene Pérez.

Adorno presentó luego al registrador la declaratoria de herederos y su certificado de compra, con el fin de obtener se inscribiera el título primero a nombre de Aurelia y después a su propio nombre. Sin embargo, aparentemente por inadvertencia, también incluyó el certificado de defunción de Aurelia Chacón Pérez, demostrativo de que había fallecido en 1936, también con anterioridad a la subasta. En vista de estas circunstancias, el registrador actuó correctamente al negarse a inscribir la propiedad en dicha fecha a nombre del comprador en la subasta. (Véanse *Cortés* v. *Registrador,* 58 D.P.R. 12; *Soto* v. *Registrador,* 58 D.P.R. 15).

*La nota del registrador será confirmada.*