La Sucesión de Felipe Arce Mercado, et al., demandantes y apelantes, *v.* Antonio Sierra, demandado y apelado.

Núm. 10048.—*Sometido:* Diciembre 1, 1949. *Resuelto:* Enero 30, 1950.

*Ángel Rivera Colón,* abogado de los apelantes; *L. Mercader,* abogado del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Felipe, José, Ramona y Dolores Arce Viera, en su carácter de miembros de las sucesiones de Felipe Arce Mercado y Elvira Viera, instaron ante la Corte de Distrito de Arecibo acción reivindicatoria contra Antonio Sierra. Alegaron en su demanda que su padre, Felipe Arce Mercado, falleció en Arecibo el 15 de abril de 1913, siendo casado con Elvira Viera, quien también falleció el 16 de diciembre de 1940, sobreviviéndoles los demandantes, quienes como hijos legítimos, son los únicos y universales herederos de los finados; que sus mencionados padres eran dueños de una parcela de terreno compuesta de 24 cuerdas, radicada en el barrio Sabana Hoyos de Arecibo; que mientras su señora madre era viuda ella incurrió en una deuda, como consecuencia de la cual se vió precisada a darle a un acreedor suyo la aludida finca para que con sus frutos se cobrara su acreencia, teniendo conocimiento de todo ello el demandado Antonio Sierra, quien aparece ahora poseyendo y disfrutando la finca en cuestión. Como segunda causa de acción reclamaron la suma de $18,000 por concepto de frutos producidos por el referido inmueble.

Contestó el demandado y alegó como defensa que la demanda no aduce hechos y que allá para el año 1918 Epifania Rodríguez Rodríguez adquirió la citada finca en pública subasta efectuada para el cobro de contribuciones sobre la propiedad; que Epifania tramitó un expediente posesorio y que

al ser aprobado el mismo la finca quedó inscrita, libre de gravamen, el 4 de octubre de 1927 a su nombre; que el 12 de septiembre de 1927 Epifania vendió la finca a José Martínez Rodríguez, quien en 23 de abril de 1938 la vendió al demandado inscribiendo éste asimismo su posesión; que el demandado y los anteriores dueños de la propiedad han poseído ésta en carácter de dueños pacífica, quieta e ininterrumpidamente, y han pagado las contribuciones sin oposición de nadie por más de treinta años.

Trabada así la contienda, fué el pleito a juicio. La corte inferior, luego de considerar la prueba testifical y documental ofrecida durante el curso del mismo, dictó sentencia declarando sin lugar la demanda, con costas. No conformes los demandantes han apelado y en su alegato señalan los seis errores que pasamos a discutir en seguida conjuntamente.

La prueba de los demandantes fué al efecto de que al morir su padre, allá para el año 1913, éste y la madre de ellos, eran dueños de la finca de 24 cuerdas que describen en la demanda; que en 1920 la sucesión se hallaba necesitada de dinero y con tal motivo la viuda, madre de los demandantes, tomó a préstamo a Remigio Martínez Badía la suma de $400, entregando a éste la finca para que de los frutos y productos de la misma se cobrara la deuda y para que una vez solventada la misma, Martínez Badía devolviera la propiedad a los trasmitentes; pero que no obstante el tiempo transcurrido y a pesar de haber cobrado su crédito la finca nunca ha sido devuelta, siendo la misma poseída y disfrutada por el demandado Antonio Sierra.[1]

La del demandado tendió a demostrar que el 11 de julio de 1918 la finca en controversia fué vendida en pública subasta para el cobro de contribuciones sobre la propiedad, adjudicándose la buena pro a Felícito Nieves, quien poco después y en la misma hoja de adquisición de Colecturía la traspasó a Epifania Rodríguez Rodríguez, tramitando ésta más

[1] Al demandado se le menciona unas veces como Antonio Sierra y otras como Antonio Serrano Sierra.

tarde un expediente posesorio que fué aprobado por resolución judicial de 3 de febrero de 1920 y debidamente inscrito poco después en el Registro de la Propiedad; que en 12 de octubre de 1927 Epifania vendió la finca en cuestión por escritura pública y por mediación de Martínez Badía a José Martínez Rodríguez, hijo ilegítimo de la Rodríguez y de éste; y que en 1938 Martínez Rodríguez vendió el inmueble al demandado.

También aparece de la prueba documental que figura en autos que el procedimiento de apremio para el cobro de contribuciones seguido contra la Sucesión Arce fué notificado a un tal Juan Vélez, como encargado de la finca; que el 7 de agosto de 1919 el Lic. Luis Mercader, a nombre de la viuda—y ésta como representante de la sucesión—se dirigió al Tesorero de Puerto Rico reclamándole la diferencia entre el importe de las contribuciones por que fué rematada la finca(²) y la suma en que ésta fué adjudicada por el Colector; y que doce días más tarde se remitió por tal concepto un cheque a dicho abogado por la suma de $106.23, del cual él acusó recibo; y que aparentemente dicha propiedad fué redimida en 17 de febrero de 1920.(³)

Con esta prueba, conforme ya hemos indicado, la corte inferior declaró sin lugar la demanda e impuso las costas a la parte demandante, manifestando al final de su opinión que:

"Lo que tenía que probar la parte demandante para defenderse de la alegación de prescripción es que Sierra sabía que la sucesión redimió la finca y que tanto Epifania primero, como Martínez después, estaban poseyendo de mala fe. Esa evidencia no resulta de la prueba."

---

(²)Se presume siempre que un abogado actúa a nombre de la persona que figura como cliente suyo. *Miranda* v. *Pesquera*, 49 D.P.R. 239; *Vallines* v. *Sánchez*, 49 D.P.R. 742; *Asociación Padres Capuchinos* v. *Corte*, 44 D.P.R. 680, 688.

(³)Decimos ''aparentemente'' porque la redención no se hizo dentro del término de un año contado desde la fecha del certificado de compra y porque al dorso del mismo no aparece extendido en debida forma y ante notario público, el recibo del dinero pagado para redimir la propiedad tal cual provee el artículo 347 del Código Político. Véase, sin embargo, *Vélez* v. *Ramos*, 65 D.P.R. 778.

■ Convenimos con los apelantes en que la venta en pública subasta careció de validez, por haberse notificado tan sólo del procedimiento de apremio a Juan Vélez, en su carácter de encargado de la propiedad y no a todos y cada uno de los miembros que componían la sucesión. Artículos 336 y 342 del Código Político. *González* v. *Sucn. Díaz,* 69 D.P.R. 643, 650; *Adorno* v. *Registrador,* 63 D.P.R. 225; *Cortés* v. *Registrador,* 58 D.P.R. 12. Cf. *González* v. *Sucn. Díaz,* supra, a la página 658. Empero, si la sucesión redimió la propiedad, no vemos qué pertinencia podría tener el hecho de que no se notificara del procedimiento de apremio a las personas que la ley indica.

■ En verdad, la detenida y repetida lectura que hemos hecho de los autos de este caso, no nos demuestra con la claridad debida si el título del demandado emana de una persona que adquirió la finca de otra que obtuvo la buena pro en una subasta pública o si, por el contrario, arranca de alguien que hubo la propiedad al entregársele la misma como dación en pago o a virtud de un contrato de anticresis. Sin embargo, sea ello como fuere, el demandante en acción reivindicatoria habrá de probar su caso con prueba robusta y convincente y no deberá descansar en la debilidad del título de su adversario. *Sucn. Meléndez* v. *Almodóvar,* ante, págs. 527, 532.

■ La buena fe se presume siempre, y al que afirma la mala fe de un poseedor corresponde la prueba. Artículo 364 del Código Civil, edición 1930. No demostró la prueba de los demandantes en forma alguna que la posesión de Sierra fuere de mala fe. La de éste tendió a demostrar que él poseía con justo título, en concepto de dueño, pública, pacífica e ininterrumpidamente. La prueba sin duda justifica la conclusión de la corte inferior. Véase Revista ·de Derecho Privado, Tomo 23, página 305. Si la posesión en la forma indicada se extendió por un período de más de diez años, la acción de los demandantes ha prescrito. Artículo 1857 del Código Civil, edición 1930; *Larracuenta* v. *Fabián,* 56 D.P.R.

775; *Calderón v. Sociedad de Auxilio Mutuo*, 42 D.P.R. 414; *Martorell v. J. Ochoa & Hno.*, 25 D.P.R. 759; *González v. Collazo*, 22 D.P.R. 619.

*No habiéndose cometido ninguno de los errores señalados, debe confirmarse la sentencia apelada.*