González Román, Juez Ponente
*1142 TEXTO COMPLETO DE LA RESOLUCION
La Licenciada Marisel Báez Santiago (Leda. Báez) acude a nuestro foro solicitando la revocación de una orden interlocutoria emitida el 10 de noviembre de 1999 y notificada el día 24 del mismo mes y año por el Tribunal de Primera Instancia, Sala Superior de San Juan. Se expide el auto, se revoca la resolución recurrida y se ordena a la Jueza Administradora Auxiliar para Asuntos de lo Civil a entender en la moción de inhibición ante su consideración.
El 24 de mayo de 1998, la Leda. Báez presentó una demanda contra la Honorable Representante Albita Rivera (Hon. Rep. Rivera) por los daños y perjuicios que la Hon. Rep. Rivera alegadamente le causó. El Licenciado Nicolás Nogueras, Hijo, (Ledo. Nogueras) fungió como el representante legal de la Leda. Báez. Tras varios incidentes procesales, el 30 de septiembre de 1999, el Licenciado Manuel R. Suárez Jiménez (Ledo. Suárez) presentó ante el tribunal recurrido un escrito informando que la Leda. Báez le había contratado como abogado. El 11 de octubre de 1999, el Ledo. Nogueras presentó una moción de renuncia de representación legal.
El 14 de octubre de 1999, se celebró una conferencia inicial ante el Honorable Juez Rodríguez Viejo (Hon. Juez Rodríguez). Ese mismo día y alegando tener razones de peso, el Ledo. Suaréz presentó, como representante legal de la Leda. Báez, una moción solicitando la inhibición de dicho juez. El Ledo. Suárez también le informó personalmente al juez sobre su moción. El Hon. Juez Rodríguez ordenó la elevación de la moción de inhibición al despacho de la Jueza Administradora Auxiliar para Asuntos de lo Civil, Honorable Myrta Irizarry Ríos (Hon. Jueza Irizarry) para que ésta decidiese. El Hon. Juez Rodríguez informó que no intervendría más en el caso hasta que se resolviera dicha moción de inhibición. Indicó, además, que no surgía del récord que el Ledo. Suárez hubiese sometido una moción solicitando unirse al caso como representación legal de la Leda. Báez y añadió que no se enteró de que el Ledo. Suárez era abogado en el presente caso hasta “el día de ayer por la tarde”, es decir, el 13 de octubre de 1999.
No obstante, el tribunal recurrido ya había emitido una orden, el 4 de octubre de 1999, mediante la cual el Hon. Juez Rodríguez expresó lo siguiente:

“[...] Por otro lado, hasta que el Tribunal no acepte al Ledo. Suárez como abogado de la parte demandante, éste deberá abstenerse de comparecer como tal. ”

El 2 de noviembre de 1999, la Hon. Jueza Irizarry emitió la siguiente orden en relación a la moción de inhibición presentada por el Ledo. Suárez:

“[...] nos percatamos que a esta fecha la moción asumiendo representación legal del Ledo. Suárez no ha sido unida al expediente [...] En vista de lo anterior, hemos de abstenernos de proseguir hasta que conste en autos la moción asumiendo representación legal y la determinación del tribunal aceptando o no la misma. Esa 
*1143
moción ha de notificarse a la parte demandada. De ser la moción de una sola representación es necesario que conste la renuncia del Ledo. Nicolás Nogueras, quien hasta la fecha ha representado a la demandante. ”

El 10 de noviembre, el Hon. Juez Rodríguez emitió la orden recurrida, la cual lee, en lo pertinente, así:

“[...] considerando que el abogado compareciente no se siente cómodo al postular ante el Juez suscribiente, independientemente de nuestro compromiso con la causa de la justicia, aconsejamos que desista de intervenir en el presente. ”

El 29 de noviembre de 1999, el Hon. Juez Rodríguez aprobó la renuncia del Ledo. Nogueras a la representación legal de la Leda. Báez y añadió:

“[...]La parte demandante deberá comparecer mediante nueva representación legal. Concedemos treinta (30) días para ello. Estamos seguros que podrá conseguir un compañero abogado que represente adecuadamente sus intereses quien no tenga problemas en postular ante el suscribiente. [...]”.

El 27 de diciembre de 1999, la Leda. Báez y el Ledo. Suárez acudieron ante nos mediante certiorari. Alegan, en esencia, que el tribunal recurrido denegó sin causa la solicitud del Ledo. Suárez para representar la Leda. Báez y, al así hacerlo, abusó de su discreción. En su oposición a la expedición del recurso, la Hon. Rep. Rivera alega que el recurso es improcedente, ya que el tribunal recurrido le concedió un término a la Leda. Báez para que consiguiera un nuevo abogado tras la renuncia del Ledo. Nogueras, durante el cual el Ledo. Suárez pudo haber presentado una moción asumiendo la representación legal de la susodicha licenciada. Procedamos a examinar el derecho aplicable.
El Ledo. Suárez es representante legal de la Leda. Báez desde que decidió aceptar a la misma como cliente. A diferencia de lo que la situación de hechos del caso de autos tiende a indicar, nuestro ordenamiento no se preocupa por el aspecto procesal-jurídico del acto de asunción de un representante legal y mucho menos impone obstáculos técnicos en éste. Es más, el ordenamiento fomenta el que toda persona cuente con representación legal adecuada. Canon 1 de los de Etica Profesional, 4 L.P.R.A. Ap. IX. Ciertamente, la costumbre en nuestro foro consiste en que, al unirse a un caso, ese abogado solicita el permiso del tribunal para ello y el tribunal le acepta. Esta “solicitud", no obstante, se asemeja más a un anuncio de una realidad extrajudicial, que a un permiso para representar a un litigante, toda vez que la solemne relación abogado-cliente nace del acuerdo entre éstos y no de un dictamen judicial. Arts. 1434, 1473, Código Civil, 31 L.P.R.A. secs. 4013, 4111; Nassar Rizek v. Hernández, 123 D.P.R. 360 (1989). En el improbable caso que un juez se oponga a que un abogado represente a algún cliente, deben existir, y hacerse constar, las razones legales o deontológicas para ello. Véanse, e.g., Cánones I, II, IV, XI, XVII, de los de Etica Judicial, 4 L.P.R.A. Ap. IV-A.
La buena práctica de declarar aceptada, o de unir al récord, una solicitud de asunción de representación legal, logra el fin de hacer constar expresamente en el expediente la identidad y dirección de dicho abogado para todos los fines legales pertinentes. No obstante, dicha declaración judicial no constituye un pre-requisito sine qua non para acceder a un caso como representante legal de una parte. La mera comparecencia de un abogado, debidamente admitido a la profesión, crea una presunción juris tantum, de su capacidad como representante del litigante por quien comparece y de su autorización para actuar como tal. Pérez v. Cancel, 76 D.P.R. 667 (1954); Catoni v. Aybar, 60 D.P.R. 645 (1942); Vallines v. Sánchez, 49 D.P.R. 742 (1936).
En el caso de autos, surge que la Leda. Báez procuró lo servicios del Ledo. Suárez, que éste aceptó representarla y procedió a anunciar este hecho al tribunal mediante su comparecencia escrita debidamente *1144 presentada en la secretaría del tribunal a quo el 30 septiembre de 1999. En ese escrito, el Ledo. Suárez proveyó su nombre completo, su dirección de oficina, sus números de teléfonos y su número de colegiación. Ya presente en el expediente del caso toda la información pertinente sobre el abogado y activada la presunción de representación válida, el Ledo. Suárez volvió a comparecer ante el tribunal, en representación de su cliente y de sí mismo, cuando presentó la moción de inhibición, el 14 de octubre de 1999 y cuando la reiteró en la vista celebrada ese día.
No obstante las comparecencias del Ledo. Suárez, el Hon. Juez Rodríguez expresó, inexplicablemente, que hasta el día anterior a la vista, desconocía que éste fuese abogado en el caso. Este hecho se agrava si tomamos en consideración que la orden de 4 de octubre de 1999, según surge del récord, se emitió antes de la vista, por el Hon. Juez Rodríguez. Esta orden es de particular importancia, toda vez que, de facto, le prohibe al Ledo. Suárez comparecer como abogado en el caso de autos sin expresar razón jurídica alguna. Esta y las demás ordenes emitidas por el tribunal a quo pueden dar a entender que dicho foro no aceptó al Ledo. Suárez porque el Ledo. Nogueras ya le estaba prestando sus servicios a la Leda. Báez. Debemos descartar que el foro recurrido no aceptara la representación legal porque nada en el ordenamiento prohibe que una parte tenga más de un abogado. Siempre que lo pueda pagar, un litigante puede contratar hasta los servicios de un equipo dé abogados. Véase, Canon 27 de los de Etica Profesional, 4 L.P.R.A. Ap. IX. Por todo lo anterior, no podemos concluir, sin ser irrazonables, que el Ledo. Suárez no constaba en el récord como abogado de la Leda. Báez. Procedía que el tribunal despachara ese asunto, sin más. 
La moción de inhibición presentada debió de resolverse según disponen las reglas pertinentes. Véanse, Reglas 63.1, 63.2 y 63.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III; Cánones XI, XII de los de Etica Judicial, supra. En este sentido, la Regla 63.3, supra, dispone:

“Designación de otro juez

Presentada y notificada la solicitud a que se refiere la Regla 63.2, se designará a otro juez para que resuelva la misma. ”

Según el Comité Asesor Permanente de Reglas de Procedimiento Civil, el trámite a seguir, en estos casos, debe ser el siguiente:

“Tan pronto el Juez, cuya recusación se solicite, advenga en conocimiento de tal presentación, se abstendrá de continuar actuando en su capacidad de juez en el caso hasta que otra cosa fuere resuelta por el magistrado asignado a atender la recusación. La recusación se resolverá dentro del término de treinta (30) días de quedar sometida. ” 

La Hon. Jueza Administradora cometió el mismo error que el Juez que atendía el caso al negarse a resolver la moción de inhibición. De los antecedentes que surgen de los autos, la Jueza Administradora debió tomar como un hecho cierto la representación legal que ostentaba el Ledo. Suárez. ¿Cómo se puede concluir que un abogado no consta en el récord si éste ya había efectuado actos procesales en nombre de su cliente? No se puede. Análogamente, sujetar la resolución de una moción de inhibición a que el Juez recusado resuelva aceptar o no al abogado recusante, como se hizo en este caso, no sólo viola la norma de que el Juez recusado se abstendrá de actuar hasta que se resuelva dicha moción, sino que permitiría que un juez evadiese un proceso de recusación en su contra bajo el pretexto de que no ha aceptado la participación de la representación legal de una parte en algún caso. De hecho, en el caso de autos, el Hon. Juez Rodríguez emitió dos resoluciones posteriores a la orden de la Hon. Jueza Irizarry, una el 10 de noviembre 1999 y otra el 29 del mismo mes, mediante las cuales, indirectamente, insta al Ledo. Suárez a desistir de su interés en representar a la Leda. *1145 Báez. No podemos avalar esta situación.
Vistos los hechos y el derecho, procede revocar las resoluciones de 4 de octubre, 10 de noviembre y 29 de noviembre de 1999 y se ordena a la Hon. Jueza Administradora Auxiliar para Asuntos de lo Civil a que resuelva, con la mayor celeridad posible, la moción de inhibición ante su consideración.
Así lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 84
1. “[...] el abogado debe aceptar y llevar a cabo toda encomienda de rendir servicios legales gratuitos a indigentes [...]. La ausencia de compensación económica en tales casos no releva al abogado de su obligación de prestar servicios legales competentes, diligentes y entusiastas. ”
2. En lo pertinente, dicho Canon reza así:

“[...] Una proposición de un cliente para que otro abogado se una en la representación de sus intereses no debe ser considerada como indicativa de falta de confianza, y tal decisión debe dejarse a la determinación del cliente. [...]”

3. Así, por ejemplo, el Canon XX de los de Etica Judicial, supra, dispone que:

“El Juez [...] deberá ser diligente en el despacho de los asuntos sometidos a su consideración. [...]

4. “A iniciativa propia, o a recusación de parte, un juez deberá inhibirse de actuar en un pleito o procedimiento en cualquiera de los casos siguientes": (a) [interés en el resultado del pleito o parcialidad o prejuicio personal contra alguna parte o abogado; (b) [consanguinidad o afinidad con alguna de las partes o abogados hasta el cuarto grado]; (c) [haber intervenido en el caso anteriormente como abogado o fiscal]; (d) [amistad personal con alguna de las partes o abogados]; (e) [cualquier otra causa que arroje dudas sobre la imparcialidad del juez o que mine la confianza pública en la judicatura.]
5. “Cualquier recusación deberá ser jurada y expondrá los hechos en que se funda. Dicha recusación deberá ser presentada tan pronto el solicitante advenga en conocimiento de la causa de recusación. ”
6. Informe de Reglas de Procedimiento Civil, Comité Asesor Permanente de Reglas de Procedimiento Civil, Decimonovena Sesión Plenaria de la Conferencia Judicial de Puerto Rico (febrero de 1996). Este informe es producto de la labor encomendádale por el Tribunal Supremo al Comité Asesor mediante resolución de 16 de junio de 1995.