SALGADO, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando la inscripción de un certificado de venta en pública subasta.

No. 351.—Resuelto en febrero 26, 1918.

RECURSO GUBERNATIVO—VENTA DE INMUEBLES EN PAGO DE CONTRIBUCIONES—CERTIFICADO DEL COLECTOR DE RENTAS INTERNAS—CERTIFICADO ADICIONAL—SUBSANACIÓN DE DEFECTO.—Un certificado adicional librado por un colector de rentas internas no es la manera propia de subsanar los defectos que aparezcan en el certificado original expedido por el propio colector sobre venta en pública subasta de cierta propiedad sujeta al pago de contribuciones y que fué presentado al registro para su inscripción.

ID. — ID. — POSEEDORES DE HIPOTECAS Y EMBARGOS ANOTADOS — NOTIFICACIÓN. — En un certificado de venta de bienes raíces para el pago de contribuciones, hecho por un colector de rentas internas, es necesario que aparezca, conforme al artículo 315 del Código Político, que los respectivos poseedores de una hipoteca y de embargos anotados sobre la propiedad fueron notificados de la venta de la misma.

ID. — ID. — PRESUNCIÓN EN EL CUMPLIMIENTO DE DEBERES OFICIALES. — El comprador cuyo título origina de una venta por falta de pago de contribuciones

debe mostrar que se han dado todos los pasos preliminares prescritos por
la ley, y generalmente no puede confiar en la presunción de que un funcionario
público ha cumplido con la ley.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Enrique Rincón Plumey.*

El registrador interino recurrido, Sr. Manuel Paz Urdaz, no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El colector de rentas internas de San Juan expidió un certificado, fechado julio 21, 1916, en donde hacía constar que el mismo día 21 de julio de 1916, José Salgado Jiménez compró en pública subasta, previo embargo y venta para el pago de contribuciones montantes a $9.63, cierta propiedad; que dicha propiedad fué vendida al referido José Salgado Jiménez por la suma de $9.63, que fué la mejor oferta. La propiedad fué descrita en el certificado como perteneciente a Pedro Figueroa y con determinadas colindancias; que la referida propiedad no estaba inscrita en el registro, pero que el embargo fué debidamente anotado en el "Libro de Embargos" a favor de El Pueblo de Puerto Rico en la municipalidad de San Juan.

Cuando este certificado fué presentado en el Registro de San Juan, se denegó su inscripción por el fundamento de que la propiedad no aparecía inscrita según la descripción hecha en el certificado ni a nombre del deudor Pedro Figueroa, ni de persona alguna.

Entonces el recurrente presentó un certificado adicional del colector de rentas internas donde se expresaba que de una investigación hecha por él resultaba que la parcela descrita en el certificado original era la misma que aparecía inscrita en el registro de la propiedad a nombre de Pedro Figueroa Boisson. En efecto, la descripción que aparece en el certificado original y la descripción que aparece en el certificado adicional como transcrita del registro de la propiedad, son sustancialmente idénticas en sus colindancias, dife-

renciándose únicamente en que la propiedad descrita en el primer certificado dícese que es de 3,371 metros cuadrados, en tanto que en el segundo certificado se mencionan 3,365 metros cuadrados.

De paso, diremos que por el expediente que tenemos a la vista sólo sabemos lo que del registro aparece por razón del contenido del certificado adicional. A pesar del certificado adicional, se denegó la inscripción del título por medio de la siguiente nota:

"Denegada la inscripción de los documentos que preceden, porque la finca referida en el certificado de venta no se identifica con la del registro, presumiéndose, en el supuesto de no resultar inscrita ni gravada, que no fué necesario que por la Colecturía de Rentas Internas de San Juan se hiciera notificación del procedimiento a personas interesadas en la redención de la finca, y que, expresándose en el certificado adicional que la finca rematada es la que resulta inscrita, que aparece gravada con una hipoteca por mil dollars a favor de Don Ignacio T. Peñagarícano y Umpierre, un embargo a instancia de Don Paulino Pumarada y otro a favor de Lucas Méndez, no resulta que tales acreedores hayan sido notificados del procedimiento; requisito que, en este último caso, se estima necesario que se exprese, por haberse modificado el certificado de venta en el particular referente a la descripción de la finca rematada, e implicar la inscripción que de tal certificado se practicara la cancelación de dichos gravámenes; y tomada en su lugar anotación preventiva por el término legal, al folio 121, tomo 20 de Santurce Norte, finca número 876, anotación letra C. En cuanto a un solar compuesto de 200 metros cuadrados, que según el registro fué segregado de dicha finca, también se deniega la inscripción por resultar inscrito a favor de persona distinta del deudor, habiéndose tomado anotación por dicho término legal en el mismo asiento. Se ha consignado el defecto subsanable de no constar las circunstancias personales del adquirente. San Juan, Puerto Rico, ___ de noviembre de 1917."

Ahora bien, aunque esta nota no sea tan clara como pudiera serlo, de ella aparece que el registrador insistía aún en que la propiedad no estaba identificada por el certificado original de venta. Quizás el registrador quiso decir que un certificado adicional posterior no era la manera de subsanar

un defecto del certificado original, que describía la propiedad como no inscrita. . Un certificado adicional no es la manera propia de subsanar un defecto, y dudamos si el colector tiene facultades para certificar aquello que no aparece de sus propios archivos. La duda toma mayores proporciones por el hecho de que el certificado adicional fué extendido en octubre 23 de 1917, o sea, catorce meses después de haberlo sido el certificado original. Abrigamos también alguna duda con respecto al hecho de que el registrador no tuviera en sus archivos datos suficientes para identificar la propiedad, pero las partes aceptaron la primera denegatoria sin recurrirla. Si el defecto fuera subsanable en manera alguna, no podría serlo mediante un certificado adicional. Nos inclinamos a la idea de que el colector debió haber hecho un certificado enteramente nuevo.

El recurrente sostiene ser innecesario que apareciera que los poseedores respectivos de una hipoteca y de un embargo anotados habían sido notificados de la venta de los terrenos, puesto que la ley presume que se ha cumplido ese deber oficial. Es innecesario examinar detenidamente el alcance de esta supuesta presunción ni tampoco hasta dónde puede una presunción hacer innecesaria la presentación de prueba en el registro. Generalmente un hecho debe quedar establecido y nunca sujeto a prueba en contrario, si es que los títulos han de ser estables. Es de notarse que las presunciones, como aquella de que los bienes son gananciales, van contra el título personal, que requiere prueba auténtica. En el registro no existe prueba opuesta. Como quiera que esto sea, la presunción de que se ha cumplido con el deber oficial es aplicable más particularmente a los incidentes de un hecho determinado y no puede ser utilizada para establecer determinado hecho positivo. 16 Cyc. 1078. Se ha resuelto que jamás se presumirá que un funcionario, actuando bajo meras facultades estatutorias y con el fin de despojar a un ciudadano de su título por virtud de ciertas eventualidades, ha cumplido con su deber y con la ley; el comprador que se

apoye en el desempeño del poder debe demostrar que se han dado todos los pasos preliminares prescritos por la ley. *Keáne* v. *Connovan,* 21 Cal. 291, 82 A. D. 738, (opinión del Juez Sr. Field en un caso sobre contribuciones); 10 R. C. L. 881; *Emeric* v. *Alvarado,* 90 Cal. 444; *Hannah* v. *Chase,* 4 N. D. 351, 50 A. S. R. 656; *Telfener* v. *Dillard,* 70 Tex. 139.

El precepto de ley en que se apoya el registrador es el artículo 315 del Código Político, el cual en sus frases finales es como sigue:

"En todos los casos en que se embargaren y vendieren bienes raíces para el pago de contribuciones, el Tesorero de Puerto Rico notificará la inscripción de dicha venta a todas las personas que tuvieren una hipoteca o gravamen sobre dicha propiedad, consignando en la notificación la fecha de la venta, la suma en que se hubiere vendido la propiedad y los demás datos que estimare oportunos."

Para que el comprador quedara investido con el título mediante venta por contribuciones, era necesario demostrar que se habían dado esos pasos.

La nota del registrador debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.