MANUEL MORAZA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 898.—*Sometido:* Noviembre 10, 1933. *Resuelto:* Noviembre 29, 1933.

*Manuel Moraza,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Manuel Moraza compró una finca urbana en Santurce

Norte, del municipio de San Juan, en remate efectuado por el Colector de Rentas Internas de esta ciudad en 29 de febrero de 1932, en cobro de ciertas contribuciones adeudadas sobre dicha finca por el contribuyente Octaviano J. Herrera. Con fecha 3 de junio de 1932, el colector proveyó al adjudicatario del correspondiente certificado creditivo de tal compra. Transcurrido el período fijado por la ley para solicitar la redención de la propiedad vendida, se presentó para su inscripción en el registro el certificado librado por el colector. El registrador denegó la inscripción basándose en la nota que copiamos a continuación:

"Denegada la inscripción de este documento, por observarse que el crédito hipotecario de J. Clivillés y Compañía, Sucesores, S. en C., representado por pagaré, ha sido cedido por endoso de dicho pagaré a favor del National City Bank of New York, como consta mencionado al practicarse por este Banco una cancelación parcial de dicho crédito y al practicarse una nota de aviso de demanda en ejecución del mismo crédito, y dicho acreedor no ha sido notificado de la venta, como tampoco se prueba que se haya publicado edictos para notificar a la persona que resultare tenedora del expresado pagaré, todo de acuerdo con el artículo 315 del Código Político, y tomada anotación preventiva, por ciento venite días, al folio 205 del tomo 161 de Santurce Norte, finca 6943 y anotación letra A'."

Alega el registrador que en el procedimiento no se siguieron los trámites de ley en lo que toca a hipotecas representadas por obligaciones al portador, siendo insuficiente la notificación practicada en el caso que nos ocupa. No hay duda de que el colector tuvo conocimiento de que la finca vendida estaba afecta a una hipoteca inscrita a favor de la mercantil J. Clivillés & Co. Sucs. S. en C., en garantía de un pagaré suscrito por el deudor Octaviano J. Herrera. En comunicación dirigida al colector de rentas internas en 7 de abril de 1932, suscrita por el registrador A. Malaret, se dice que esta finca aparece afecta a una hipoteca a favor de J. Clivillés & Co. Sucs. S. en C., por $700, según la inscripción primera y a otra hipoteca a favor del portador de un pagaré por $700 según la inscripción segunda.

■■■ El registrador expone su criterio con claridad y precisión. El artículo 315 del Código Político exige la notificación de la venta a todas las personas que tuvieren una hipoteca o gravamen sobre la propiedad vendida, consignando en la notificación la fecha de la venta, la suma en que se hubiere vendido la propiedad y los demás datos que el Tesorero estimare oportunos. Para que el comprador quede investido con el título mediante venta por contribuciones, es necesario demostrar que se ha notificado la venta a las personas interesadas. *Salgado v. Registrador,* 26 D.P.R. 172. De la faz del certificado se desprende que de acuerdo con el artículo 315 citado fueron notificados de la venta Octaviano J. Herrera como dueño y J. Clivillés & Cía. Sucs. S. en C. y Paula Pineda como tenedores de pagarés hipotecarios, quienes aparecen con interés en el remate. Exponiendo las razones que tuvo para negarse a verificar la inscripción, dice el Registrador en su alegato:

"Al traer el adjudicatario a inscribir su título nos encontramos con que el derecho real que primitivamente se inscribió a favor de J. Clivillés & Cía. Sucs. S. en C., en garantía de pagaré, si bien no existe asiento formal de cesión del crédito, el pagaré que lo representa aparece endosado a favor de The National City Bank of New York, el que 'como tenedor actual' del pagaré, cancela parcialmente la hipoteca, haciéndose la reducción al dorso del pagaré. Tenemos ahora que el National City Bank, endosatario del pagaré que originalmente figuró a favor de J. Clivillés y Compañía, Sucrs. S. en C., no ha sido notificado de la venta hecha por el Colector de Rentas Internas de acuerdo con el Art. 315 C. P., y del mismo modo, tampoco aparece del certificado la notificación a un tercer endosatario de dicho pagaré, en el supuesto de que el Banco transfiriera tal obligación. Es nuestro criterio que el Colector, para cumplir con lo prescrito por el Art. 315 C. P. no solamente debió notificar de la venta a J. Clivillés y Co., como probable tenedor original del pagaré, y al National City Bank of New York, como endosatario, sino también a cualquier tercer poseedor ignorado de la obligación hipotecaria aludida, para que este tercer poseedor ignorado ejercitara su derecho de acuerdo con la Ley. De ahí que sea necesario demostrar que se haya publicado edictos notificando de la venta a ese tenedor ignorado del pagaré."

Opinamos que el Registrdor está en lo cierto. Cuando los préstamos hipotecarios consisten en obligaciones pagaderas al portador, el medio más eficaz y recomendable para notificar a los interesados es la publicación de edictos. Estas obligaciones pasan con frecuencia de una mano a otra. El tenedor de un pagaré hoy, puede no serlo mañana, y a fin de cumplir con los requisitos que exige la ley es natural que se notifique a los tenedores de obligaciones de acuerdo con las constancias del registro y que se acuda además al medio supletorio de la publicación de edictos para notificar a los posibles tenedores de esas obligaciones. El presente caso pone de relieve cuán acertado resulta el criterio sostenido por la parte recurrida. Cuando el Registrador informó al colector de rentas internas acerca de las cargas e hipotecas a que resultaba afecto el inmueble, no aparecía el National City Bank como tenedor del pagaré que originalmente figuró a favor de J. Clivillés & Co. Sucs. S. en C. El National City Bank no ha sido notificado, sencillamente porque el colector de rentas internas no tuvo conocimiento entonces de que dicho Banco era tenedor del mencionado pagaré.

Alega el recurrente que aun en el caso de que procediese la publicación de edictos, el registrador ha debido inscribir con defecto subsanable, ya que el referido requisito puede cumplirse en cualquier momento, si fuese necesario. Arguye el registrador que la omisión de la publicación de edictos notificando la venta impide la inscripción del certificado, sin que pueda calificarse tal omisión de defecto subsanable. En nuestro sentir no procede la inscripción. El artículo 348 del Código Político dispone que el término para redimir la propiedad vendida comienza a correr desde la fecha del certificado de compra. El colector de rentas internas no debe expedir este certificado mientras no se haya cumplido con todos los requisitos que la ley exige, entre los cuales figura la notificación de la venta al dueño, sus herederos o cesionarios, o cualquier otra persona que tenga algún derecho o interés en la propiedad, a fin de que el derecho de redención pueda uti-

lizarse por los interesados en su oportunidad. Si el término para redimir arranca desde la fecha del certificado de compra, parece lógico que el certificado no se expida mientras no hayan sido notificadas todas las partes interesadas, para evitar que el período fijado para la redención comience a correr antes de realizada la notificación.

*Debe confirmarse la nota recurrida.*