JOSEFA CANTRE, en representación de sus menores hijos FELIPE y PEDRO LICIAGA CANTRE, demandante, apelada y apelante, *v.* VICTORIANO GONZÁLEZ, demandado, apelante y apelado.

Núm. 7635.—*Sometido:* Enero 25, 1939. *Resuelto:* Junio 24, 1939.

*E. Pérez Casalduc*, abogado del apelante apelado; *E. Martínez Avilés*, abogado de la apelada apelante.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Los acreedores hipotecarios, como adquirentes en una subasta pública, se convirtieron en dueños de la finca hipotecada. En el ínterin, la propiedad había sido vendida para el pago de contribuciones. Los acreedores instaron el presente recurso para establecer la nulidad del título adquirido a virtud del procedimiento contributivo y en solicitud de que se cancelara la inscripción de dicho título en el Registro de la Propiedad.

■ La demandante apela de una sentencia a su favor y señala como error el haberse omitido en la misma un pronunciamiento sobre la devolución de los frutos y rentas. No se solicitaba tal remedio y nada había en la demanda en qué basar semejante pronunciamiento. La sentencia ordenaba se cancelara la inscripción en el registro de la propiedad al reembolsar la demandante al demandado la cantidad pagada por éste por la propiedad en la venta en pago de contribuciones, más sus intereses. Que el demandado debe ser condenado a devolver los frutos y rentas recibidos por él—a pesar de la ausencia de toda alegación en la demanda al efecto de que éste había recibido las rentas y beneficios de la propiedad y no embargante la ausencia de una súplica a ese efecto—fué algo que se le ocurrió a la demandante posteriormente. No hallamos que se cometiera error al haberse dejado de incluir en la sentencia un pronunciamiento sobre devolución de frutos y rentas.

■ El demandado apela de la sentencia y de la orden que declaró sin lugar su moción de reconsideración.

Bajo el primer señalamiento el demandado solicita la revocación porque el juez de distrito dijo, en el curso de

su relación del caso y opinión, que, luego de negar la demandante que el aviso requerido por el artículo 315 del Código Político se le había dado, incumbía a la parte demandada demostrar que tal cosa se había hecho. El error, de existir, no fué perjudicial, a menos que la corte de distrito también cometiera el error imputádole en el segundo señalamiento.

Este señalamiento es que la corte de distrito cometió error al apreciar la evidencia y al decidir que los demandantes no fueron notificados de la venta en cobro de contribuciones. No hallamos que la corte errara en la apreciación de la prueba.

■■ El tercer señalamiento es que la corte de distrito cometió error al resolver que la falta de notificación a la demandante anulaba el título del demandado. Éste cita el caso de *People* v. *Cady*, 56 N. Y. Super. Ct. 180, 6 N. Y. S. 546, al efecto de que "el hecho de que sea nula la notificación sobre el derecho a redimir una propiedad vendida para el pago de contribuciones, no hace que la venta en sí sea nula."

La médula del argumento es que:

La notificación estatutaria que ha de hacerse "en todos los casos en que se embargaren y vendieren bienes raíces para el pago de contribuciones . . . a todas las personas que tuvieren una hipoteca o gravamen sobre dicha propiedad," no es condición precedente a la venta, sino que ha de ser hecha después de efectuarse ésta. El gravamen contributivo era superior al derecho de hipoteca. Una vez efectuada la venta los acreedores tan sólo tenían el derecho a redimir la finca dentro del año contado a partir de la fecha del certificado, mas no desde la fecha del aviso. El derecho de redención quedó extinguido al transcurrir el período estatutario. "Cuando el estatuto es uno que limita el derecho del dueño a redimir, puede conferirse al adquirente un título absoluto, a pesar de no haberse hecho la notificación, una vez expirado el término de redención." 61 Corpus Juris 1259, sección 1723. El artículo 347 del Código Político prescribe: "Si el derecho de redención que más adelante se dispone no se ejerciere dentro del tiempo prescrito, dicho certificado, una vez inscrito en el registro de la propiedad del distrito donde radique dicha propiedad, constituirá título absoluto de dicha propiedad a favor de dicho comprador, libre de toda hipoteca, carga o cualquier otro gravamen."

El caso de *People* v. *Cady,* supra, no es aplicable. La demandante no puso en tela de juicio la validez de la venta efectuada en pago de las contribuciones. El objeto del recurso fué establecer la nulidad del certificado de compra, conseguir un decreto sobre tal nulidad y la cancelación del asiento en el Registro de la Propiedad.

En el presente caso la venta en pago de contribuciones no fué notificada a los acreedores hipotecarios. La disposición estatutaria relativa a la expedición del certificado de compra presupone la existencia de una debida notificación a los acreedores. No autoriza la expedición de tal certificado sin previa notificación a los acreedores. El certificado de compra no debe ser expedido a menos y hasta que los acreedores hipotecarios hayan sido notificados en la forma prescrita por el artículo 315. A menos que se haya hecho tal notificación, el período estatutario de redención no empieza a correr, y la inscripción del certificado no confiere título alguno al adquirente en la venta celebrada para el pago de las contribuciones. Véanse *Salgado* v. *Registrador,* 26 D.P.R. 172; *Moraza* v. *Registrador,* 45 D.P.R. 829, y *Correa* v. *Registrador,* 53 D.P.R. 274.

*La sentencia apelada y la orden que declaró sin lugar la moción para reconsiderar presentada por el demandado deben ser confirmadas.*

El Juez Asociado Sr. Travieso no intervino.