Isabel Carmen Llambías, recurrente, *v.* El Registrador de la Propiedad de Aguadilla, recurrido.

Núm. 1068.—*Sometido:* Mayo 1, 1940. *Resuelto:* Mayo 6, 1940.

*Gaspar Gerena Bras,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Cierta finca urbana radicada en Lares fué vendida en pública subasta para el pago de contribuciones adeudadas al Pueblo de Puerto Rico. El inmueble se hallaba afecto a una hipoteca a favor del Banco Industrial de Puerto Rico, el cual se hallaba entonces en administración judicial. Antes de inscribirse el certificado de venta que se extendió el 4 de marzo de 1939 a favor de Antonio Alcover Pol, se inscribió a favor del Tesorero de Puerto Rico la hipoteca antes mencionada por habérsela cedido el Banco Industrial de Puerto Rico.

Conforme consignó el Registrador al inscribir el certificado de venta a favor de Alcover, la inscripción se practicó con el defecto subsanable de no resultar del expediente de apremio el nombre de la persona natural que en representación de Suau, Fiol & Co. fué notificada del procedimiento, ni tampoco el nombre del *receiver* del Banco acreedor, a quien se hizo igual notificación como dueño del crédito hipotecario.

El comprador Alcover no interpuso recurso contra la nota del Registrador ni tomó medida alguna tendente a subsanar el defecto señalado. Posteriormente, por escritura número 26, de 14 de marzo de 1940, ante el Notario Salvador Vilella, Alcover vendió la misma finca a Isabel Carmen Llambías, y al inscribir el título de ésta, el registrador consignó al calce del documento la siguiente nota:

"Inscrito este documento al folio 187 v. del tomo 81 de Lares, finca 550, inscripción 13ª, sujeta al defecto subsanable de no haberse expresado los nombres de las personas a quienes en representación de la mercantil Suau, Fiol & Co. y como Síndico del Banco Industrial de P. R., se notificó de la venta en pública subasta por la cual adquirieron los vendedores, esposos Alcover Bauzá, que fué consignado en la anterior inscripción 12ª. Queda afecta la finca a una hipoteca a favor de la precitada mercantil cedida hoy al Tesorero de P. R. por $15,926.93 de capital en la que responde la finca objeto de este documento, de $1,500; y a un aviso de demanda anotada a favor de don Francisco Bauzá, anotada al margen de dicha inscripción 12.—Aguadilla, marzo 28, 1940."

Contra la nota transcrita interpuso Llambías el presente recurso, solicitando su revocación y que se ordene la inscripción sin el defecto subsanable y se cancele la inscripción de la hipoteca.

Ninguna razón alega la recurrente para que se revoque la nota en cuanto al defecto subsanable. Por el contrario, de los autos resulta que la nota fué consentida por el anterior dueño.

En cuanto a la cancelación de la hipoteca, se alega que siendo el Pueblo de Puerto Rico el dueño del crédito y habiéndose vendido la finca por el Pueblo de Puerto Rico en el procedimiento de apremio, no era necesario notificarlo como acreedor, pues en él concurría la doble condición de vendedor y acreedor, lo que hacía innecesaria la notificación a sí mismo del procedimiento que dicha entidad estaba llevando a efecto.

El artículo 315 del Código Político dispone que en todos los casos en que se embargaren y vendieren bienes raíces para el pago de contribuciones, el Tesorero de Puerto Rico notificará la inscripción de dicha venta a todas las personas que tuvieren una hipoteca o gravamen sobre dicha propiedad, consignando en la notificación la fecha de la venta, la suma en que se hubiera vendido la propiedad, y los demás datos que estimare oportunos. Y el artículo 348 del mismo cuerpo legal prescribe que el derecho de redención concedido al dueño de la propiedad, sus herederos o cualquier persona que tuviere algún derecho o interés en la misma, puede ejercitarse dentro de un año a partir de la fecha del certificado de compra.

Tendría razón la recurrente en lo que al Pueblo de Puerto Rico concierne si la cesión de la hipoteca se hubiese verificado antes de extenderse el certificado de venta, pues dueño entonces el Pueblo de Puerto Rico de la hipoteca, no hubiera sido necesario que se notificase a sí mismo del procedimiento que a su nombre se estaba tramitando. Pero de los autos

se infiere que la cesión se hizo después de extendido el certificado, pues de otro modo no se hubiera intentado la notificación al Banco Industrial a través de su *receiver*. Si en efecto el banco fué notificado en la persona de su *receiver*, entonces el procedimiento en cuanto al banco es válido y un año después de extendido el certificado quedaría consolidado el título del comprador libre de la hipoteca, si dentro de dicho año no se hubiera hecho uso del derecho de redención. Si en realidad el banco no fué notificado porque la persona en que se intentó la notificación no era su legítimo representante, en ese caso el derecho de hipoteca subsiste y al adquirirlo el Pueblo de Puerto Rico, se sustituyó en los mismos derechos que tenía su cedente el Banco Industrial.

En el caso de *Moraza* v. *Registrador*, 45 D.P.R. 829, 832, se dijo por este tribunal que el colector de rentas internas no debió expedir el certificado mientras no se hubiera cumplido con todos los requisitos que la ley exige, y entre ellos el de la notificación de la venta al dueño, sus herederos o cesionarios, o cualquier otra persona que tuviera algún derecho o interés en la propiedad, a fin de que el derecho de redención pudiera utilizarse por los interesados en su oportunidad. En el caso de autos, sin embargo, según se expresó en el certificado de venta, fueron notificados tanto el dueño como el acreedor hipotecario, estando pendiente de acreditarse si en efecto la notificación fué válida, puesto que no se expresaron los nombres de los representantes del dueño y del acreedor hipotecario respectivamente.

A nuestro juicio, la validez del certificado de venta depende de que se acrediten los extremos a que se refiere la nota del registrador, y mientras tales extremos no sean acreditados, *procede desestimar el recurso y confirmar la nota recurrida.*