ANA FELÍCITA CUEVAS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Núm. 1157.—*Sometido:* Noviembre 6, 1944. *Resuelto:* Diciembre 1, 1944.

*José D. Rodríguez,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El 19 de febrero de 1940 se inscribió en el Registro de la Propiedad de Aguadilla un certificado de venta expedido el día 10 de febrero de 1940 por el Colector de Rentas Inter-

nas de Lares, a virtud del cual se vendió en pública subasta, por falta de pago de contribuciones, y a favor de doña Ana Felícita Cuevas, cierta finca ubicada en Lares, la cual estaba gravada con una hipoteca a favor de Puerto Rico Hurricane Relief Commission. Dicha inscripción se hizo con el defecto subsanable de no haberse expresado en el certificado de venta "el nombre de la persona o personas a quien o quienes se notificó la adjudicación en representación de la acreedora P. R. Hurricane Relief Commission."

El día 15 de agosto de 1944 la compradora solicitó del registrador recurrido la subsanación del defecto y acompañó a su solicitud una certificación del Tesorero de Puerto Rico haciendo constar que en el expediente de apremio sobre la venta de la finca aparece comprobado lo siguiente:

"Que según lo dispuesto en el artículo 315 del Código Político de Puerto Rico, se notificó entre otras personas, al Sr. 'J. F. Perkins, Appraisal and Collection Manager', en representación de la Puerto Rican Hurricane Relief Commission, personalmente, con fecha 14 de noviembre de 1938, según resulta de la Forma 97, denominada 'Notificación de Venta', obrante en el récord de dicho expediente de apremio, archivo Núm. 81; habiendo firmado dicho Sr. J. F. Perkins, en el sitio correspondiente."

Asimismo se acompañó otra certificación suscrita por el Jefe de la Puerto Rican Hurricane Relief Loan Section, haciendo constar que la notificación de referencia fué debidamente hecha y recibida por el Sr. Perkins quien a la fecha de efectuarse la misma "estaba autorizado a firmar dichas notificaciones".

El registrador denegó la subsanación del defecto haciendo constar en su nota que "Esa subsanación sólo podría practicarse a virtud de un nuevo certificado de compra expedido bajo la autoridad del Tesorero de Puerto Rico . . ."

Para revisar esta nota la compradora interpuso el presente recurso.

Arguye el registrador que para cancelar el defecto subsanable en cuestión no son suficientes los certificados presen-

tados sino que es necesario que el Tesorero de Puerto Rico expida un "certificado de venta enteramente nuevo a todos los efectos legales pertinentes" y cita, en apoyo de su contención los casos de *Salgado* v. *Registrador,* 26 D.P.R. 172 y *Llambías* v. *Registrador,* 56 D.P.R. 677.

El caso de *Salgado,* supra, no es de aplicación a los hechos del de autos. En aquél se denegó la inscripción del certificado de venta expedido por el colector porque la finca no estaba inscrita a nombre del deudor en el registro. Posteriormente se presentó un certificado adicional expedido por el colector en el que se identificaba la finca, volviendo el registrador a denegar la inscripción, primero, porque la finca descrita en el certificado adicional tenía una cabida distinta a la inscrita y, segundo, porque esta última aparecía gravada y del certificado original no aparecía que se hubiera notificado a los acreedores del procedimiento de apremio. Fué en cuanto al primero de estos motivos que esta corte dijo que "Un certificado adicional no es la manera propia de subsanar un defecto y, dudamos si el colector tiene facultades para certificar aquello que no aparece en sus propios archivos". En cuanto al segundo motivo, después de citarse la oración final del artículo 315 del Código Político,[1] se dijo: "Para que el comprador quedara investido con el título mediante venta por contribuciones, era necesario demostrar que se habían dado esos pasos."

. En el caso de autos, contrario a lo ocurrido en el de *Salgado* v. *Registrador,* supra, el certificado fué inscrito, aunque con el error subsanable de no especificar en el mismo el nombre de la persona a quien se hizo la notificación en representación de la acreedora hipotecaria, pero sí constaba en el certificado que dicha acreedora había sido notificada.

---

(1)"En todos los casos en que se embargaren y vendieren bienes raíces para el pago de contribuciones, el Tesorero de Puerto Rico notificará la inscripción de dicha venta a todas las personas que tuvieren una hipoteca o gravamen sobre dicha propiedad, consignando en la notificación la fecha de la venta, la suma en que se hubiere vendido la propiedad y los demás datos que estimare oportunos."

Precisamente el caso de *Llambías* v. *Registrador,* supra, citado por el recurrido, resuelve la cuestión planteada. En dicho caso, al igual que en el de autos, se inscribió un certificado de compra con èl defecto subsanable de no haberse expresado los nombres de las personas a quienes en representación del dueño y del acreedor hipotecario se hizo la notificación de la venta, y, distinguiendo el caso de *Moraza* v. *Registrador,* 45 D.P.R. 892,[2] se dijo a la página 680:

"En el caso de autos, sin embargo, según se expresó en el certificado de venta, fueron notificados tanto el dueño como el acreedor hipotecario, *estando pendiente de acreditarse si en efecto la notificación fué válida, puesto que no se expresaron los nombres de los representantes del dueño y del acreedor hipotecario respectivamente.* (Bastardillas nuestras.)

"A nuestro juicio, la validez del certificado de venta depende de. que se acrediten los extremos a que se refiere la nota del registrador, y mientras tales extremos no sean acreditados, *procede desestimar el recurso y confirmar la nota recurrida.*"

Al mismo efecto, en el caso de autos, apareciendo del certificado original que el acreedor hipotecario Puerto Rican Hurricane Relief Commission fué notificado del procedimiento de apremio y habiéndose acreditado, a virtud de las certificaciones presentadas por la recurrente, la persona que en representación de dicho acreedor recibió la notificación, ésta fué válida y en su consecuencia también lo es el certificado de venta.

*Debe revocarse la nota recurrida y ordenarse la subsanación del defecto consignado.*

---

(2)En este caso se resolvió que el Colector no debió expedir el certificado mientras no se hubiera cumplido con todos los requisitos que la ley exige, y entre ellos el de la notificación de la venta al dueño, sus herederos o cesionarios, o cualquier otra persona que tuviera algún derecho o interés en la propiedad, a fin de que el derecho de redención pudiera utilizarse por los interesados en su oportunidad.