SALVADOR VIVÓ VILELLA, demandante, contrademandado y apelado, *v.* JOSÉ MEDINA RÍOS, demandado, contrademandante y apelante.

Núm. 9193.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Marzo 29, 1946.

*Enrique Igaravídez,* abogado del apelante; *Pedro Juan Alcalá* y *Godofredo M. Gaetán Roberts,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La finca que motiva este pleito de reivindicación, mientras pertenecía al Banco Industrial, fué vendida por el Colector de Rentas Internas de Lares el 29 de enero de 1941 para el pago de las contribuciones correspondientes a los años fiscales 1934–35 al 1938–39. Compareció a la subasta José Collazo y la remató a nombre de Catalina Vélez de Sosa, quien vivía en la casa de Collazo, por la cantidad de $93.78, importe de las contribuciones adeudadas, expidiéndose el certificado de compra el 19 de febrero siguiente. Como el Banco Industrial tenía la finca abandonada, la compradora inmediatamente tomó posesión de ella.

Presentado en el Registro el certificado de compra, el Registrador denegó su inscripción porque la finca aparecía gravada con una hipoteca a favor del tenedor de un pagaré y del certificado no constaba que dicho tenedor hubiese sido notificado del procedimiento de apremio. La adquirente consintió la decisión del Registrador y de acuerdo con el Colector, se publicaron edictos notificando al tenedor del pagaré. Terminada la publicación, y expirado el plazo que dispone la ley a partir del último edicto sin que el tenedor del

pagaré pagase la contribución, el Colector expidió a la adquirente Catalina Vélez de Sosa un nuevo certificado fechado el 21 de agosto de 1941 en el cual se consignó como precio de la subasta la cantidad de $97.78. El anterior certificado fué devuelto al Colector y anulado por éste, y el nuevo fué oportunamente presentado e inscrito en el Registro de la Propiedad. El 14 de julio de 1942, o sea dentro del término de un año de expedirse el segundo certificado, Pedro Juan Alcalá, en representación del Banco Industrial, compareció ante el Colector de Rentas Internas de Lares y acreditando que la compradora de la finca rehusaba aceptar el precio de la redención, consignó en la Colecturía, de acuerdo con la liquidación que le preparó el Colector, la cantidad de $115.38 que comprende $97.78 importe de las contribuciones y $17.60 a que ascendieron los intereses de dicha cantidad desde la fecha de la subasta, a razón del 12 por ciento anual hasta la fecha de la redención. El mismo día el Colector notificó por escrito a Catalina Vélez de Sosa, c/o José Collazo, haberse redimido la finca y que la suma de $115.38 se hallaba a la disposición de ella en la Colecturía durante los diez días siguientes, expirados los cuales sería depositada en el Departamento de Hacienda donde podría ella solicitarla. El certificado de redención fué presentado en el Registro el 14 de septiembre de 1942, extendiéndose la nota de redención el 1ro. de octubre siguiente. Estando el título de la finca inscrito en el Registro a favor del Banco Industrial de Puerto Rico, éste, representado por su síndico Sr. Francisco Font Manzano, la vendió por el precio de $850, al demandante Salvador Vivó Vilella, por escritura de 14 de septiembre de 1942 ante el notario Pedro Juan Alcalá, la cual fué presentada en el Registro de la Propiedad el día de su otorgamiento y quedó inscrita el 1ro. de octubre siguiente. No obstante haber sido vendida la finca al demandante y haberse inscrito a su favor en la fecha indicada, Catalina Vélez de Sosa, por escritura núm. 143 de 10 de diciembre de 1942 ante el notario Salva-

dor Vilella, la vendió al demandado, quien era la persona que ella había puesto al frente del inmueble y continuaba en esa fecha en posesión del mismo.

Para recobrar dicha finca presentó Salvador Vivó contra José Medina Ríos este pleito de reivindicación. Contra la sentencia que dictó la corte inferior declarando con lugar la demanda interpuesta por el apelado, interpuso Medina el presente recurso.

 Arguye el apelante que erró la corte inferior al declarar que la redención fué verificada dentro del año que concede la ley. En apoyo de su tesis alega que el certificado de venta expedido el 19 de febrero de 1941 era válido y que por consiguiente, al redimirse la finca ante el Colector de Rentas Internas de Lares el 14 de julio de 1942, el término de un año había expirado con exceso. La pretendida validez del certificado de venta de 19 de febrero de 1941 está predicada en la contención del demandante al efecto de que el propio Banco Industrial había sido dueño del pagaré al portador, y que la finca se le había adjudicado en pago del mismo, por lo que era innecesaria la publicación de tal edicto para notificar al supuesto tenedor del pagaré.

De la certificación del Registrador de la Propiedad ( *Exhibit* "L"—demandado) resulta que en verdad la finca fué adjudicada al Banco en satisfacción del pagaré en cuestión, no habiéndose cancelado en el Registro la hipoteca que lo garantizó por no haberse presentado el pagaré debidamente inutilizado, conforme exige el art. 82 de la Ley Hipotecaria. Pero en el presente caso Catalina Vélez de Sosa consintió la decisión del Registrador con respecto al primer certificado de venta y aceptándolo como nulo lo devolvió al Colector. Como no podía legalmente expedirse un certificado sin notificar a las personas que tienen derechos sobre el inmueble, se publicaron edictos con ese objeto y el 21 de agosto de 1941 se expidió el nuevo certificado. Desde esa fecha empezó a correr el plazo para redimir. Art. 315 del Código

Político; *Moraza* v. *Registrador,* 45 D.P.R. 829, 832; *Cantre* v. *González,* 55 D.P.R. 200. Consecuentemente, la redención verificada el 14 de julio de 1942 se llevó a cabo dentro del término de un año que establece la ley.

Arguye el apelante que la redención fué también ineficaz por los siguientes motivos: (*a*) porque no se hizo previamente la oferta del pago a la compradora Catalina Vélez de Sosa; (*b*) porque el Colector no era el funcionario ante quien debía hacerse la consignación y (*c*) porque la cantidad que entregó el Banco Industrial al Colector como precio de la redención era incompleta, toda vez que no incluía ciertas contribuciones sobre la finca que habían sido pagadas por Catalina Vélez de Sosa.

De los autos aparece que el Lic. Pedro Juan Alcalá, acompañado del Colector de Rentas Internas Interino de Lares Sr. Carlos D. Espinet, estuvo en la casa de José Collazo con el propósito de ofrecer el precio de redención a Catalina Vélez de Sosa y que Collazo, quien como hemos visto había comprado la finca a nombre de dicha señora, se negó a permitir que se le hiciese la oferta, por lo que se hizo la consignación ante el Colector de Rentas Internas de Lares.

Bajo el art. 349 del Código Político en vigor cuando se inició el procedimiento de apremio, al negarse el comprador de la finca a recibir el precio de la redención, se autorizaba al dueño para verificarla ante el Registrador de la Propiedad a cuya demarcación correspondiese el municipio donde radicare la finca; pero al enmendarse el art. 349 el 14 de abril de 1941, se autorizó a los colectores de rentas internas donde radicare la finca para recibir el precio de la consignación y otorgar el correspondiente certificado de redención. Se alega por la apelante que habiéndose iniciado este procedimiento de apremio bajo la ley anterior al año 1941, debió continuarse toda su tramitación de acuerdo con aquella ley y que por consiguiente era el registrador y no el colector de rentas internas ante quien debía consignarse el precio

de la redención. El art. 349 del Código Político es de carácter procesal, puesto que se refiere al remedio para hacer la consignación y es regla de interpretación bien establecida por la jurisprudencia que los estatutos de carácter procesal tienen efecto retroactivo, a menos que claramente surja que fué la intención del legislador darle efecto prospectivo solamente. *Mason* v. *White Star Bus Line,* 53 D.P.R. 337 y *Royal Bank* v. *Tribunal Contribuciones,* 65 D.P.R. 345. Esa intención legislativa no•aparece del art. 349 del Código Político, y siendo ello así actuó correctamente el representante del Banco Industrial al ofrecer la redención al Colector de Rentas Internas y este último al expedir el correspondiente certificado de redención.

Por último, el hecho de que el Banco Industrial dejase de satisfacer cierta cantidad de contribuciones pagada por Catalina Vélez de Sosa(¹) no anula el certificado de redención, pues el Banco Industrial satisfizo la cantidad que le indicó el Colector de Rentas Internas que debía satisfacer. La circunstancia de que por alguna razón el Colector se hubiese equivocado al hacer la computación,(²) no perjudica al Banco. *Henry* v. *Brown,* 121 P.2d 594 (Okla. 1942) y Monografía en 118 A.L.R. 578.

*Procede la confirmación de la sentencia.*

---

(¹)De los autos aparece que enterado luego el Banco del montante de estas contribuciones ofreció a ella el pago y no fué aceptado.

(²)De los autos aparece que esas contribuciones fueron pagadas en las oficinas del Departamento de Hacienda en San Juan y ese pago no aparecía en los archivos del Colector de Rentas Internas.