Luis M. Pagán, demandante y apelante, *v.* Francisco Otero Chávez, demandado y apelado.

Núm. 9694.—*Sometido:* Mayo 4, 1948. *Resuelto:* Junio 11, 1948.

*Luis M. Pagán, pro se y Ángel Roberto Díaz,* abogado del apelante; *Vicente Géigel Polanco,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El artículo 12 de la Ley núm. 464, aprobada el 25 de abril de 1946 ((1) pág. 1327), conocida por Ley de Alquileres Razonables, dispone que sólo podrá promoverse el desahucio contra inquilinos, entre otros, en el caso especificado con la letra (d) que, en lo pertinente, dispone:

"(d) Cuando el propietario demuestre a satisfacción del tribunal que desea de buena fe recobrar el local a fin de demolerlo total o *parcialmente con la intención de construir un nuevo edificio, siempre que los planos para tal construcción hayan sido debidamente presentados y aprobados por la autoridad correspondiente.*" (Bastardillas nuestras.)

Amparándose en esta disposición legal, Luis M. Pagán inició acción de desahucio contra Francisco Otero Chávez. Alegó que es dueño de un solar en la esquina de las calles Loiza y Las Flores, en Santurce, en el cual existen dos casas, una de dos plantas de concreto y techada de zinc, colindando con las calles Loiza y Las Flores y la otra, terrera de concreto y techada de zinc con frente a la calle Las Flores; que la casa de dos plantas la tiene arrendada al demandado por un canon de $105 mensuales, por contrato de mes a mes; que el demandante desea de buena fe recobrar la posesión de dicha casa con el fin de demolerla parcialmente con intención de construir un nuevo edificio, los planos para el cual han sido debidamente presentados y aprobados por la autoridad correspondiente, habiéndose llenado todos los requisitos de ley a tal fin; que el demandado tenía conocimiento cuando alquiló la casa objeto de esta acción que el demandante interesaba dar principio a las obras tan pronto se levantaran los "controles" sobre construcciones debidos al estado de emergencia de guerra; que antes de comenzar la construcción del edificio, la cual está ahora en progreso, el demandado fué informado verbalmente por el demandante de sus intenciones y el deman-

dado expresó satisfacción por el principio de la obra, cooperando con el demandante a tal fin, hasta hace poco, cuando cambió de parecer y ahora se opone a la continuación de las obras.

El demandado contestó la demanda admitiendo algunos hechos y negando otros y específicamente negó que el demandante se proponga demoler parcialmente el edificio ocupado por el demandado para construir un nuevo edificio y que las autoridades correspondientes hayan aprobado plano alguno para la demolición parcial y la construcción de un nuevo edificio en el local que ocupa el demandado; como materia nueva alegó la forma en que adquirió el negocio del "Café Madrid", situado en la casa objeto del desahucio, habiendo el demandante renovado el contrato de arrendamiento de mes a mes; que el demandante en ningún momento le informó al demandado que se proponía demoler total o parcialmente dicho edificio, habiendo el demandado realizado mejoras en dicho negocio por valor de $4,000; que los planos que tiene el demandante se refieren a unas obras de ampliación y reconstrucción que el demandante está llevando a cabo en la casa que da a la calle Las Flores, los cuales son ajenos, separados y distintos al edificio que ocupa el demandado y de los cuales resulta que no ha de haber demolición de dicho edificio; que el demandante no ha promovido esta acción de buena fe.

Celebradas las vistas que marca la ley, la corte dictó sentencia declarando sin lugar la demanda y en ella hizo constar (no se emitió opinión), en parte, lo siguiente: .

"El tribunal no tiene duda de que se trata de un desahucio promovido *por la mejor buena fe,* ya que está en construcción abierta y clara la parte de la estructura que da al fondo. *La prueba es satisfactoria en el sentido de que todos los permisos y planos para la construcción están debidamente aprobados por las autoridades correspondientes.* De manera pues, que lo que tenemos que resolver es si la intención de construir un nuevo edificio, o sea que no se trata de una reparación, ya que tanto la política del Gobierno Federal como

la del Gobierno Insular, ha sido no conceder desahucios por reparaciones a la propiedad arrendada, pueda presumirse en un caso como éste en que no se trata de la construcción de un nuevo edificio, *sino de la unión de dos edificios contiguos, que incluso podrían quedar divididos en dos locales distintos simplemente dejando entre ambos la pared que hoy los separa, pues la escalera que conduce a la segunda planta no le sería muy difícil al demandante, convencer a su inquilino de la primera planta que se abra permanente o provisionalmente por otro sitio.*

"Después de un sereno estudio de los hechos envueltos y de la sección 12, letra *d,* de la Ley de Alquileres Razonables de Puerto Rico, creemos que nada hay en dicho artículo 12, letra *d,* que nos autorice a considerar que fué la intención de la Legislatura autorizar el desahucio en caso en que el propietario quiera unir dos edificios contiguos que puedan ser objeto de dos arrendamientos distintos, ya que el espíritu reparador de la ley lo que persigue es la protección de los negocios establecidos."

El demandante apeló y alega que la sentencia es contraria a derecho y a la evidencia presentada y admitida, y errónea por no resolver definitivamente los derechos de las partes.

No obstante haber llegado la corte inferior a la conclusión de que el demandante inició esta acción de buena fe y que todos los permisos y planos para la obra del demandante están debidamente aprobados por las autoridades correspondientes, concluyó no se trataba de un nuevo edificio, sino de la unión de dos edificios contiguos y por tanto no procedía el desahucio. No podemos estar conformes con esta conclusión. La prueba demostró que en cuanto a la casa en la calle Las Flores la demolición es casi completa y en cuanto a la ocupada por el demandado hay que demoler la pared que da hacia el sur; también la escalera que ahora está en la calle Las Flores queda eliminada y se hace una nueva en la Calle Loíza, y que a virtud de los planos aprobados y permisos concedidos, el demandante fué autorizado a realizar una obra que convertía sus dos casas en un solo edificio; que de acuerdo con el Reglamento de Zonificación se tuvo en

cuenta el hecho de que el nuevo edificio hacía esquina y se permitió la construcción en un tanto por ciento mayor del total del solar que de no estar así situado; que de acuerdo con el reglamento no se pueden variar los planos y permisos una vez aprobados y concedidos. Que el demandante comunicó al demandado su propósito de llevar a cabo esta obra cuando el demandado adquirió el negocio el primero de abril de 1946, es un hecho admitido como probado por la corte en su sentencia, pero no le da importancia debido a que la Ley de Alquileres Razonables se aprobó el 25 de abril de 1946. Empero, si esta ley por su artículo 12(d), autoriza el desahucio en un caso como el presente es obvio que el demandado al adquirir el negocio teniendo conocimiento de que el demandante se proponía realizar esta obra lo hizo a su propio riesgo, ya que se probó que la reconstrucción no puede realizarse mientras esté ocupado el local que tiene el demandado.

La corte inferior en otra parte de su sentencia hizo constar que no consideraba la demolición parcial a verificarse en la casa que ocupa el demandado "lo suficiente sustancial" para cumplir con las disposiciones del artículo 12(d), supra. Si bien en un caso apropiado, y aun cuando la ley no habla de demolición parcial "sustancial", demostrada la insustancialidad de una demolición parcial podría ese hecho ser suficiente para denegar el desahucio, creemos que en el caso de autos no está justificada dicha conclusión.

Los planos demuestran que se trata de una sola obra que incluye la demolición parcial de las dos casas del demandante y que, a virtud de su reconstrucción y ampliación, quedarán convertidas en un solo edificio. Que la ley no prohibe que esto pueda hacerse, lo demuestra el hecho de haberse concedido los permisos y aprobado los planos por las autoridades correspondientes. Y los únicos requisitos que exige el artículo 12(d), supra, para que proceda el desahucio, son, que el demandante desee recobrar el local de

buena fe a fin de demolerlo total o parcialmente con la intención de construir un nuevo edificio y que los planos hayan sido presentados y aprobados. A nuestro juicio, todos estos requisitos fueron probados y cumplidos en este caso y erró, por tanto, la corte al desestimar la demanda.

*Debe revocarse la sentencia apelada, y aun cuando debiéramos dictar la sentencia que debió dictar el tribunal inferior declarando con lugar la demanda, tomando en consideración que de acuerdo con el artículo 12(d), supra, el tribunal al dictar sentencia fijará el término del lanzamiento, el cual no será mayor de un año en el caso de un edificio destinado a oficinas profesionales, negocios, comercio o industria, y el hecho de que el tribunal inferior estará en mejores condiciones que esta Corte de determinar, después de oír a las partes, el término que deba fijarse en este caso para el lanzamiento del demandado, se devolverá el caso a dicho tribunal para que dicte sentencia declarando con lugar la demanda, con costas, sin incluir honorarios de abogado.*

El Juez Asociado Sr. De Jesús no intervino.