Luis M. Pagán, demandante y apelado, *v.* Francisco Otero Chávez, demandado y apelante.

Núm. 9878.—*Sometido:* Enero 12, 1949.   *Resuelto:* Enero 21, 1949.

*José M. Valentín Esteves*, abogado del apelante; *Luis M. Pagán, pro se*, y *Ángel Roberto Díaz*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Al venir el presente caso por primera vez ante nos, dictamos en 11 de junio del pasado año una opinión, cuyo párrafo final textualmente copiado reza así (véase *Pagán* v. *Otero*, 68 D.P.R. 919, 924):

"Debe revocarse la sentencia apelada, y aun cuando debiéramos dictar la sentencia que debió dictar el tribunal inferior declarando con lugar la demanda, tomando en consideración que de acuerdo con el artículo 12(*d*), supra, el tribunal al dictar sentencia fijará el término del lanzamiento, el cual no será mayor de un año en el caso de un edificio destinado a oficinas profesionales, negocios, comercio o industria, y el hecho de que el tribunal inferior estará en mejores condiciones que esta Corte de determinar, después de oír a las partes, el término que deba fijarse en este caso para el lanzamiento del demandado, se devolverá el caso a dicho tribunal para que dicte sentencia declarando con lugar la demanda, con costas, sin incluir honorarios de abogado."

En cumplimiento de lo ordenado por nosotros el tribunal a quo señaló una vista para oír a las partes en relación con el término que debía conceder al demandado para desalojar el local objeto del desahucio. Luego de celebrada la misma, dicho tribunal dictó sentencia en que declaró probados los hechos que enseguida pasamos a copiar *verbatim:*

"1. Que el demandado ha hecho una fuerte inversión en el negocio que tiene establecido en el local objeto de este litigio, a virtud de la creencia justificada que tenía de que habría de permanecer por largo tiempo disfrutando del mismo.

"2. Que esa inversión hecha por el demandado lo fué, en gran parte, por virtud de consejos legales del propio demandante quien era su abogado, o por lo menos su notario.

"3. Que para el demandado sería, en las actuales circunstancias, bastante difícil conseguir un local adecuado para trasladar su negocio, ya que el mismo en el orden económico se nutre del 'good will' del local que el propio demandado con su laboriosidad y cortesía ha elevado a un nivel de relativa seriedad y prestigio."

Y como resultado de todo ello decretó el desalojo del demandado dentro del término de "seis meses desde que la sentencia sea firme." Apeló éste para ante esta Corte y el demandante solicita ahora la desestimación del recurso por falta de jurisdicción y por frivolidad.

■ La falta de jurisdicción, según sostiene el demandante, se debe a que de acuerdo con el artículo 629 del Código de Enjuiciamiento Civil, ed. de 1933, (artículo 10 de la Ley estableciendo el Procedimiento para el Desahucio—Leyes de 1905, pág. 286) "en los juicios de desahucio no se dará en ningún caso más de una apelación" y en el presente caso, sostiene él, ha habido dos apelaciones: la primera, por el demandante, a virtud de la cual este Tribunal revocó al de distrito y devolvió el caso para la fijación del término que debía concederse al demandado para el desalojo de la propiedad; y la segunda, la interpuesta ahora por el demandado. No asiste la razón al apelado. Si bien es verdad que hubo una sentencia dictada originalmente por la corte inferior, la misma fué revocada por nosotros y devuelto el caso a dicha corte con instrucciones expresas de que dictara sentencia "declarando con lugar la demanda, con costas, sin incluir honorarios de abogado." Ella así lo hizo y fijó el término que a su juicio debía conceder al demandado para desocupar la propiedad. Ésa es al presente la sentencia en el caso y la misma es apelable a tenor con las disposiciones de los artículos 629 y 630 del Código de Enjuiciamiento Civil. Es natural que esa sentencia sea apelable, ya que si bien al dictar la misma lo único que se dejaba a la discreción del tribunal a quo era

la fijación del término para el lanzamiento, sin embargo, esa discreción podía ser ejercitada abusiva o erróneamente por el tribunal inferior y la parte perjudicada tenía derecho, por tanto, a que esa sentencia fuera revisada por nosotros. No procede, por ende, la desestimación por el primer motivo.

■ El segundo fundamento expuesto por el apelado en su moción para desestimar el recurso es, como ya se ha dicho, que el mismo es frívolo. Al apelante siempre incumbe poner a este Tribunal en condiciones de resolver en sus méritos la apelación por él interpuesta. En apoyo de la misma, el único error señalado en su alegato es que el tribunal inferior erró al concederle solamente un término de seis meses. Conforme antes hemos indicado, en la sentencia se declaran probados ciertos hechos. Para nosotros poder determinar si estos hechos probados están o no justificados por la prueba, sería necesario examinar la misma. No obstante, el apelante no ha elevado a este Tribunal la transcripción de evidencia de la vista celebrada después de recibirse nuestro mandato. Por ese solo fundamento su apelación podría ser desestimada. Empero, aun dando por sentado que las referidas conclusiones de hechos se ajustan enteramente a la prueba que tuvo ante sí la corte inferior, dados los razonamientos por ella aducidos no podemos en manera alguna decir que abusara de su discreción al fijar al demandado un término de seis meses para el desalojo del local. La apelación resulta, por tanto, enteramente frívola.

■ Ahora bien, al fijar el referido plazo de seis meses para desocupar la propiedad el tribunal de distrito se fundó en el inciso (d) del artículo 12 de la Ley 464 de 25 de abril de 1946 (págs. 1327, 1345), que especificaba un término no mayor de un año para el desalojo de un local destinado a oficinas profesionales, negocios, comercio o industria. El término así fijado quedó modificado al ser enmendados los artículos 12 y 12-A de la Ley 464 por la núm. 201 de 14 de mayo de 1948 (págs. 575, 579) y el artículo 12-B por

la Ley 24 de 21 de agosto de 1948 (Ses. Ext., pág. 239). Todas esas enmiendas empezaron a regir con anterioridad al 4 de octubre de 1948, fecha en que el tribunal inferior dictó su sentencia. Se hace necesario, en su consecuencia, examinar estas leyes enmendatorias para ver si las mismas contienen disposiciones que nos obligan a fijar un término distinto para el desalojo de la propiedad.

El artículo 12 no establece ahora los motivos para el desahucio ni el término que ha de fijarse en la sentencia al ordenar el lanzamiento de un demandado. El artículo 12–A es el que actualmente especifica los únicos motivos por los cuales puede al presente promoverse la acción de desahucio, siendo el octavo de ellos el ''proyectar el arrendador la demolición total o parcial del edificio arrendado para construir un nuevo edificio.'' Precisamente en esa causal de desahucio se basó el aquí demandante al instar su recurso.[1] Y es la Ley 24 de 1948, supra, la que fija ahora los términos para el desalojo de la propiedad. En relación con ese fundamento dice esta última ley que ''si la demanda se basare en cualesquiera de las causas contenidas en los incisos 6 al 8 inclusive, del artículo 12–A, . . . . . el lanzamiento se decretará noventa (90) días después de ser firme la sentencia.'' Este precepto de esa última ley enmendatoria forma parte del procedimiento de desahucio en su totalidad y siendo de carácter adjetivo el mismo es aplicable no sólo a aquellos recursos instados con posterioridad a la vigencia de esa enmienda, si que también a los que como el presente se hallaban pendientes a la fecha de su aprobación y vigencia. *Martínez Fernández & Cía.* v. *García,* 68 D.P.R. 391, 396; *Royal Bank* v. *Tribunal de Contribuciones,* 65 D.P.R. 345, 350; *Vivó* v. *Medina,* 65 D.P.R. 874, 879; *López* v. *South P. R. Sugar Co.,* 62 D.P.R. 238, 243; *Mason* v. *White Star Bus Line,* 53 D.P.R. 337, 340. Siendo ello así, el término de un año fijado

[1] Esa causa, conforme se ha indicado, figuraba bajo el inciso (*d*) del artículo 12 de la Ley 464 de 1946.

por el artículo 12(*d*) de la Ley 464 de 1946 ha dejado de existir y el tribunal inferior debió fijar el de noventa días establecido por la Ley 24 de 1948.

*Por las razones expuestas debe desestimarse el recurso por frívolo, pero a tenor con los razonamientos antes expuestos debe modificarse la sentencia apelada en el sentido de ordenar el lanzamiento del demandado dentro del término de noventa días de ser firme la sentencia, es decir de aquél en que se reciba en el tribunal inferior el mandato de esta Corte, y así modificada confirmarse.*